Michael Devin Floyd
1901 Iowa Avenue
Kenner, LA 70062
mdf3039@gmail.com
(713)562-7229

Michael Devin Floyd, IN PRO PER

**FILED**
FEB 27 2023
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

C23-00871

| | |
|---|---|
| Michael Devin Floyd<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>24 Hour Fitness USA<br><br>　　　　Defendant(s). | Case No.:<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (non-prisoner) UNDER 42 U.S.C. § 1981, 42 U.S.C. § 2000**<br><br>**DEMAND FOR JURY TRIAL.** |

## I. Jurisdiction and Venue

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights

1

under Section 1981. The Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to this action, including the Plaintiff's unlawful removal from 24 Hour Fitness, occurred in this district.

## II. Divisional Assignment

The primary incidents involve the Plaintiff and staff members at the 24 Hour Fitness facility located on Whipple Road in Hayward, California. Hayward, California is in the county of Alameda. According to Civil L.R. 3-2(d): "all civil actions that arise in the counties of Alameda, Contra Costa, Marin, Napa, San Francisco, San Mateo or Sonoma shall be assigned to the San Francisco Division or the Oakland Division." The case was filed at the Oakland Division.

## III. Statement of Claim

A. Where did the events giving rise to your claim(s) occur?

The event occurred at 24 Hour Fitness located at 2480 Whipple Rd, Hayward, CA 94544.

B. What date and approximate time did the events giving rise to your claim(s) occur?

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

The date the main incident occurred was on October 1st, 2022. The approximate time the event started was 7:00 PM. The event probably ended around 10:00 PM. There was another secondary incident that preceded the main incident that happened on July 18th, 2022.

C. What are the facts underlying your claim(s)?

Before filing this action, the Plaintiff sent the Defendant a letter addressing the incidents that occurred. The letter to the Defendant details all the facts underlying the Plaintiff's claim from the main incident on October 1st, 2022. It will be attached. (Exhibit 1). There was also an attachment sent along with the letter to the Defendant addressing the secondary incident that happened earlier on July 18th, 2022. It will be attached. (Exhibit 2).

## IV. Causes of Action

1. **42 U.S.C.A. § 1981**

In a § 1981 case involving a commercial establishment, a discrimination plaintiff must show that: (1) he is a member of a protected class; (2) he sought to make or enforce a contract for services ordinarily provided by the defendant; and (3) he was denied the right to enter into or enjoy the benefits of the contractual relationship in that (a) he was deprived of services while similarly situated persons outside the protected class were not, and/or (b) he received services in a markedly hostile manner that a reasonable person would find

objectively discriminatory. <u>Fall v. LA Fitness, 161 F. Supp. 3d 601 (S.D. Ohio 2016)</u>

The Plaintiff is a member of a protected class: he is an African American male. The Plaintiff sought to use the amenities of the gym, services ordinarily provided by the Defendant and within his contract to the gym. The Plaintiff was denied the services of the gym when he was forced to exit the gym without showering and while he was half-naked. Thus the Plaintiff received services in a markedly hostile manner that a reasonable person would find objectively discriminatory.

## 2. <u>42 U.S.C.A. § 2000a</u>

"To establish a prima facie case under § 2000a, plaintiff must show that he or she (1) is a member of a protected class; (2) attempted to exercise the right to full benefits and enjoyment of a place of public accommodation; (3) was denied those benefits and enjoyment; and (4) was treated less favorably than similarly situated persons who are not members of the protected class." <u>Bormuth v. Dahlem Conservancy, 837 F. Supp. 2d 667, 674 (E.D. Mich. 2011)</u>

The Plaintiff is a member of a protected class: he is an African American male. The Plaintiff sought to use the amenities of the 24 Hour Fitness gym; the gym is a place of public accommodation. The Plaintiff was denied the services of the gym on two occasions. On both occasions, he was escorted out by the police. The Plaintiff has not

seen other gym members, who have a different ethnicity than the Plaintiff, treated in a similar manner.

### 3. California Civil Code § 51: Unruh Civil Rights Act

With regard to the Unruh Civil Rights Act particularly, we recently explained that it "must be construed liberally in order to carry out its purpose" to "create and preserve a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments." (Angelucci v. Century Supper Club (2007) 41 Cal.4th 160, 167, 59 Cal.Rptr.3d 142, 158 P.3d 718.) The Unruh Civil Rights Act "serves as a preventive measure, without which it is recognized that businesses might fall into discriminatory practices." Munson v. Del Taco, Inc., 46 Cal. 4th 661, 666, 208 P.3d 623, 626 (2009)

The Plaintiff was not provided with the full and equal accommodations of 24 Hour Fitness gym in Hayward, despite paying for the gym's services. On two different occasions, the management at 24 Hour Fitness called the police to escort the Plaintiff out of the facilities. In both of these occasions, the Plaintiff did nothing to warrant his removal from the gym. Indeed, the Unruh Civil Rights Act will serve to banish the arbitrary and invidious discrimination the Plaintiff has endured.

### 4. California Civil Code § 51.5

For the same reasons listed in the previous section, the Defendant has violated this California law.

## 5. California Business & Professions Code § 17200: California Unfair Competition Law ("UCL")

The UCL prohibits, and provides civil remedies for, unfair competition, which it defines as "any unlawful, unfair or fraudulent business act or practice." (§ 17200.) Its purpose "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." (Kasky v. Nike, Inc. (2002) 27 Cal.4th 939, 949, 119 Cal.Rptr.2d 296, 45 P.3d 243; see Hall v. Time Inc. (2008) 158 Cal.App.4th 847, 852, 70 Cal.Rptr.3d 466.) In service of that purpose, the Legislature framed the UCL's substantive provisions in " 'broad, sweeping language' " (Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co. (1999) 20 Cal.4th 163, 181, 83 Cal.Rptr.2d 548, 973 P.2d 527; see also Bank of the West v. Superior Court (1992) 2 Cal.4th 1254, 1266, 10 Cal.Rptr.2d 538, 833 P.2d 545 ["The Legislature intended this 'sweeping language' to include ' "anything that can properly be called a business practice and that at the same time is forbidden by law." ' "] ) and provided "courts with broad equitable powers to remedy violations" (ABC Internat. Traders, Inc. v. Matsushita Electric Corp. (1997) 14

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

1  Cal.4th 1247, 1270, 61 Cal.Rptr.2d 112, 931 P.2d 290). <u>Kwikset Corp. v.
2  Superior Ct., 51 Cal. 4th 310, 320, 246 P.3d 877, 883 (2011)</u>

3  The Plaintiff had a gym membership at 24 Hour Fitness and expected the fair
4  accommodations any patron would expect from a gym membership. Unfortunately,
5  the Plaintiff was forcibly removed from 24 Hour Fitness twice; the Plaintiff was
6  half-naked upon the final removal. The Plaintiff has lost money, time, and sanity as a
7  result of the incidents with 24 Hour Fitness. 24 Hour Fitness, through this unfair act
8  and business practice, has violated this law.

9  **6. <u>California Civil Code § 1750: The Consumers Legal Remedies Act
10  (CLRA)</u>**

11  The language of the CLRA allows recovery when a consumer "suffers damage
12  as a result of" the unlawful practice. This provision "requires that plaintiffs in a
13  CLRA action show not only that a defendant's conduct was deceptive but that
14  the deception caused them harm." (<u>Massachusetts Mutual Life Ins. Co. v.
15  Superior Court, supra, 97 Cal.App.4th at p. 1292, 119 Cal.Rptr.2d 190.</u>) <u>In re
16  Vioxx Class Cases, 180 Cal. App. 4th 116, 129, 103 Cal. Rptr. 3d 83, 94–95
17  (2009)</u>

18  On two different occasions, police have escorted the Plaintiff out of the gym, 24
19  Hour Fitness. On two different occasions, the Plaintiff has done nothing to cause his
20  unwanted removal from the gym. The Plaintiff was forced to cut his workout short on
21

the first occasion. While half-naked, the Plaintiff was removed from the gym and not allowed to return after the second occasion. The Plaintiff has battled with post-traumatic stress since these incidents. He is seeking help from licensed professionals and attends support groups. The Plaintiff has also purchased a gym membership from a different gym.

7. **<u>Restatement (Second) of Torts § 46 - Intentional Infliction of Emotional Distress</u>**

To state a claim for intentional infliction of emotional distress, a plaintiff must plead " '(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.' " (<u>Wilson v. Hynek (2012) 207 Cal.App.4th 999, 1009</u>.) <u>Guzman v. Peckson, No. B264039, 2016 WL 1623115, at *2 (Cal. Ct. App. Apr. 21, 2016</u>). Restatement (Second) of Torts § 46.

The Plaintiff pleads that (1) the Defendant, on two occasions, has caused the Plaintiff emotional distress through having the Plaintiff forcibly removed from the gym facilities. The Plaintiff committed no crimes or infractions in both instances. The Plaintiff was accused of committing sexual harassment acts on both occasions. The Plaintiff pleads that (2) the Plaintiff has and is currently suffering extreme and

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

emotional distress caused by the incidents in this complaint. The Plaintiff also pleads that (3) the actual causation of the emotional distress was caused by the Defendant's outrageous conduct.

8. **<u>Restatement (Second) of Agency § 213 - Negligent Training and Supervision; Restatement (Second) of Torts § 317 - Negligent Supervision</u>**

Under California law, an employer may be held directly liable for the behavior of an unfit employee where the employer was negligent in the hiring, training, supervising, or retaining of that employee. <u>Delfino v. Agilent Techs., Inc., 145 Cal.App. 4th 790, 815 (2006)</u>. "A plaintiff alleging negligent training under California law must show that the employer negligently trained the employee as to the performance of the employee's job duties and as a result of such negligent instruction, the employee while carrying out his job duties caused injury or damage to the plaintiff." <u>Garcia ex rel. Marin v. Clovis Unified Sch. Dist., 627 F.Supp.2d 1187, 1208 (E.D.Cal.2009)</u> (citing <u>State Farm Fire & Casualty Co. v. Keenan, 171 Cal.App.3d 1, 23 (1985)</u>). <u>Wells v. Regents of Univ. of California, No. 15-CV-01700-SI, 2015 WL 5138181, at *6 (N.D. Cal. Sept. 1, 2015)</u>

The Defendant employs the persons responsible for both incidents that created this lawsuit. The Defendant remained the employer of those persons after the incidents occurred. The two employees from the first incident remained employees; the

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

Plaintiff saw them occasionally afterwards. The employees within the locker room during the second incident also remained employees after the second incident; on the numerous occasions the Plaintiff frequented the gym afterwards attempting to reinstate his membership, the Plaintiff saw those employees. At least one employee from each incident is a manager. The same pattern of negligent behavior happened on two occasions, with the Plaintiff being reprimanded instead of the employees and accusers.

9. **Restatement (Second) of Agency § 219 - When Master is Liable for Torts of His Servants**

An employer is subject to liability for the torts of its employees acting outside the scope of their employment when, inter alia, the employer itself was negligent or reckless, Restatement § 219(2)(b), or the employee purported to act or to speak on behalf of the employer and there was reliance upon apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation, id., § 219(2)(d). Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 744, 118 S. Ct. 2257, 2260, 141 L. Ed. 2d 633 (1998)

In both instances where the Plaintiff was removed from the Defendant's place of business, there was a manager present. It is reasonable for the Plaintiff to believe those managers had authority to act on behalf of the Defendant. This belief is traceable to the Defendant's manifestations: the Defendant placed the title 'manager'

upon these respective employees. Thus, the employer is subject to liability for the actions of their employees in this instance.

10. **Restatement (Third) of Agency § 7.01 - Agent's Liability to Third Party**

   [A]n agent acting with actual or apparent authority remains liable to a third party for the agent's own tortious conduct. Restatement (Third) Of Agency § 7.01 (2006); Warner v. Sw. Desert Images, LLC, 180 P.3d 986, 992 (Ariz. Ct. App. 2008) (quoting Griffith v. Faltz, 785 P.2d 119, 120-21 (Ariz. Ct. App. 1990)). Eversource Cap. LP v. Fimrite, No. CV-18-02583-PHX-SMM, 2019 WL 11638377, at *4 (D. Ariz. May 21, 2019)

The Plaintiff holds the agents employed by the Defendant responsible for their tortious conduct. During the first incident in July 2022, there was a manager and an employee present requiring the Plaintiff leave the gym facilities. During the second and main incident in October 2022, there was a different manager and employee duo requiring that the Plaintiff leave the gym facilities immediately. The Plaintiff will obtain their names through discovery.

## V. Injuries

The plaintiff made this statement: The physical injuries I sustained as a case of the events that occurred were due to the handcuffs. At the end of my detainment, I had very dark marks on my wrists as a result of the handcuffs. As far as the economical injuries, I can no longer access 24 Hour Fitness. This required me to purchase a

Complaint for Violation of Civil Rights Under 42 USC 1981, 42 U.S.C. § 2000

membership at a different, less convenient gym. 24 Hour Fitness conveniently had many locations in the California Bay Area and Santa Cruz, whereas my current gym has many fewer locations in the Bay Area and no locations near Santa Cruz. I travel frequently; those 24 Hour Fitness locations were detrimental to my ventures. Thus, I have to spend more time and money traveling to the gym, rerouting my ventures as needed. As far as mental injuries, I was traumatized by both incidents. I've abruptly lost many friends I connected with at 24 Hour Fitness and those supporting relationships at the gym. Having already suffered through many other police brutality events, this event has added onto previous traumas, and I feel even more unsafe when near police officers. I constantly fear every conversation I participate in can possibly result in traumatic events like those at 24 Hour Fitness. I am currently in and seeking professional counseling. So far, I have only found an online support group.

## VI. Relief

The Plaintiff (he) would like to be compensated for all sustained injuries. As far as economical injuries, the Plaintiff seeks 1500 dollars per month since the suspension of his membership (October 2022). The Plaintiff, on average, has to spend an hour per day driving to a less convenient gym (50 dollars for one hour each day).

As far as mental injuries and emotional distress, the Plaintiff suffers from the trauma and embarrassment of having twice been forcefully removed from the gym. The last time, the police pushed the half-naked Plaintiff out of the gym locker room,

into the gym facilities, and finally outside into a police car. These events occurred because the present manager refused to allow the Plaintiff to shower and collect his belongings. The Plaintiff attends support groups every week and is seeking professional counseling through a psychiatrist or therapist. The Plaintiff demands a total of 3 million dollars, covering mental and traumatic anguish plus the current and future costs of support groups and therapy.

The Plaintiff desires his membership at 24 Hour Fitness to be reinstated. The Plaintiff demands 24 Hour Fitness revise its policies regarding member-member and member-employee disputes to prevent occurrences of incidents like this from happening again. As the Plaintiff stated earlier, without any forewarning and on two different occasions, employees and police approached the Plaintiff, accusing the Plaintiff of crimes and demanding the Plaintiff leave immediately. During the last incident, the Plaintiff wasn't noticed there were any problems prior to police arrival; the Plaintiff should have been alerted to the accusations when they occurred prior to police arriving. The Plaintiff should have also been allowed to finish showering and to collect his belongings within the locker room, rather than forced out of the locker room by police.

The Plaintiff desires to be compensated for all costs of filing and litigating this lawsuit. The Plaintiff also seeks an award of 2 million dollars in punitive damages plus any other accommodation awarded by the Court.

## VII. Trial by Jury

The Plaintiff demands a jury trial as provided in Fed. R. Civ. P. 38(b).

DATED: February 24, 2023

*Michael Floyd*

Michael Devin Floyd

## VIII. Defendants' Known Contact Information

1. 24 Hour Fitness USA

    1265 Laurel Tree Lane, Suite #200

    Carlsbad, CA 92011

    San Diego County