UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

MICHAEL DEVIN FLOYD,
Plaintiff,

v.

24 HOUR FITNESS USA,
Defendant.

Case No. 23-cv-00871-EMC (PHK)

**ORDER ON DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 23, 26, 29

*Pro se* Plaintiff Michael Devin Floyd ("Plaintiff") brings this lawsuit, pursuant to 42 U.S.C. § 1981, alleging violations of his civil rights by Defendant 24 Hour Fitness USA ("Defendant"). [Dkt. 1]. The case has been referred to the undersigned for all discovery matters. *See* Dkts. 27-28. Before the Court are three discovery letter briefs, the first filed unilaterally by Plaintiff on October 16, 2023 [Dkt. 23], the second filed jointly by the Parties on October 19, 2023 [Dkt. 26], and the third filed unilaterally by Plaintiff on October 23, 2023 [Dkt. 30]. The Court finds the issues raised in the letter briefs suitable for resolution without oral argument. Civil L.R. 7-1(b).

Plaintiff commenced this action on February 27, 2023, by filing a Complaint as well as an application to proceed *in forma pauperis* ("IFP"). [Dkts. 1, 3]. Plaintiff's IFP application was granted on April 24, 2023, and on May 26, 2023, the Court authorized service of the summons and Complaint on Defendant. [Dkts. 7, 9]. On July 7, 2023, the United States Marshals Service filed a proof of service, indicating that service of Defendant was completed on July 6, 2023. [Dkt. 12]. Defendant filed an Answer to the Complaint on July 27, 2023. [Dkt. 13]. By Clerk's Notice dated August 10, 2023, the case was set for an Initial Case Management Conference to be held on

United States District Court
Northern District of California

United States District Court
Northern District of California

November 7, 2023 at 1:30 p.m. before Judge Edward M. Chen. [Dkt. 19].

On October 16, 2023, Plaintiff filed a letter brief regarding Defendant's alleged refusal to provide certain discovery that Plaintiff "requested on August 20, 2023." [Dkt. 23]. The discovery sought by Plaintiff includes:

1. All video surveillance of the Hayward Whipple Dr. 24 Hour Fitness parking lot on October 1, 2022 from 6-11 PM. According to Plaintiff "This is the time when the trespassing arrest happened at the place of business." *Id.* at 1
2. All video surveillance of the Hayward Whipple Dr. 24 Hour Fitness inner facility on October 1, 2022 from 6-11 PM. *Id.* According to Plaintiff "This is the time when the trespassing arrest happened at the place of business." *Id.* at 2.
3. Names and contact information from all employees working at Hayward Whipple Dr. 24 Hour Fitness on October 1, 2022 from 6-11PM. *Id.* According to Plaintiff, "[t]he Plaintiff may call these employees as witnesses." *Id.*
4. Names, contact information, and rank of all management who have spoken to Floyd about incidents at Hayward Whipple Dr. 24 Hour Fitness. *Id.* According to Plaintiff, "[t]he Plaintiff was informed there were multiple incidents prior to the trespassing arrest. The Plaintiff may call these people as witnesses." *Id.*
5. Names and contact information of all alleged victims having problems with Floyd at 24 Hour Fitness. *Id.* According to Plaintiff, "[t]he Plaintiff was informed there were multiple incidents prior to the trespassing arrest. The Plaintiff may call these people as witnesses." *Id.*
6. Names and contact information of employees working at Hayward Whipple Dr. 24 Hour Fitness on July 18, 2022. *Id.* According to Plaintiff, "This was the only time where the Plaintiff was alerted to alleged harassment issues within the Hayward Whipple Dr. 24 Hour Fitness. The Plaintiff may call these people as witnesses." *Id.*

In the letter brief, which is signed only by Plaintiff and contains no input from Defendant, Plaintiff states that he "provided the above-mentioned Discovery Requests to the Defense on August 20, 2023" and "encouraged the Defendant to provide the requested discovery by

United States District Court
Northern District of California

September 30, 2023." *Id.* at 2. Plaintiff states that the Parties met and conferred regarding the dispute by telephone on September 21, 2023. *Id.* Plaintiff states that Defendant "refused to provide the discovery at this time" and made clear to Plaintiff that it "does not want to provide any discovery requested until the Case Management conference." *Id.* at 2-3. Plaintiff demands that Defendant "abide by the rules of discovery" and produce the discovery "as soon as possible, before the Case Management conference." *Id.*

On October 19, 2023, the Parties filed a joint letter brief regarding the "discovery the Plaintiff requested on August 20, 2023." [Dkt. 26]. In the second letter brief, Plaintiff reiterates his demand that Defendant promptly produce "[a]ll 6 items of discovery requested by the Plaintiff . . . as soon as possible, before the Case Management conference." *Id.* at 3. Defendant, in response, confirms that its counsel received "Plaintiff's Requests 1 through 6 that are the subject of this dispute" on August 20, 2023. *Id.* at 4. However, Defendant argues that it is under no obligation to comply with Plaintiff's discovery requests, because they were "not properly served" and because the discovery sought is "premature." *Id.* at 5-6.

On October 23, 2023, Plaintiff unilaterally filed another letter brief regarding the same discovery dispute issue "to assist Judge Peter H. Kang's discovery ruling." [Dkt. 30]. In the third letter brief, Plaintiff states that the second letter brief "was not JOINT, as the Plaintiff did not sign the letter the Defendant filed." *Id.* at 1. In addition, Plaintiff argues that Defendant's objections to providing certain discovery "are not understandable." *Id.* at 2. Plaintiff states that he "is willing to partially work with the Defendant in regards to the disclosure of the contact information for their employees and patrons" but "demands the disclosure of those persons' names." *Id.*

The Court finds all three letter briefs deficient for several reasons. As an initial matter, the two letter briefs unilaterally filed by Plaintiff do not comply with Section 4 of Judge Chen's Standing Order for Civil Discovery, which states that requests for discovery relief "must be made by the parties in a *joint* letter brief no longer than three pages." Plaintiff's unilaterally filed letter briefs also do not comply with similar provisions of the undersigned's Discovery Standing Order, which is now applicable to this case.

In addition, Plaintiff's most recent letter brief [Dkt. 30] appears to have been filed in

derogation of the Court's meet and confer requirements. *See* Civil L.R. 37-1 ("The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues.").

Although a *pro se* litigant, Plaintiff is still "expected to abide by the rules of the court in which he litigates." *Washington v. Kijakazi*, 72 F. 4th 1029, 1040 (9th Cir. 2023) (quoting *Carter v. C.I.R.*, 784 F.2d 1006, 1008-09 (9th Cir. 1986)); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004) (stating that "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants"). The Court **HEREBY** provides **NOTICE** to all Parties, including pro se Plaintiff, that the Court's Discovery Standing Order, particularly Section H regarding discovery disputes and the requirement of joint letter briefs, governs handling of discovery matters and further that the Court's Civil Local Rules also set forth mandatory provisions for presentation of discovery disputes to the Court. All these materials are available on the Court's website.

It is plain from the face of the first and third letter briefs that they were not joint letter briefs and that there was no meet and confer prior to the filing of at least the third letter brief. Additionally, Plaintiff avers that he did not sign and was therefore not a party to the second discovery letter brief. [Dkt. 30 at 1]. Accordingly, the requests for relief in all three letter briefs are denied for these reasons alone. *See, e.g.*, *Dairy v. Harry Shelton Livestock, LLC*, No. 18-cv-06357-RMI, 2020 WL 6269541, at *4 (N.D. Cal. Oct. 23, 2020); *Tindle v. Daly City*, No. 13-cv-02449-HSG (DMR), 2016 WL 1565536, at *1 (N.D. Cal. Apr. 19, 2016).

Turning from these procedural deficiencies based on the local rules and the Court's Standing Orders, Plaintiff's discovery requests are premature. Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" The Court may authorize discovery to commence before the Rule 26(f) conference ***only*** if the requesting party establishes "good cause" for the request. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-77 (N.D. Cal. 2002). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.* at 276.

Here, Plaintiff asks the Court to compel Defendant to respond to discovery requests that were emailed to Defendant's counsel on August 20, 2023. [Dkt. 26 at 3-4]. At the time that Plaintiff served these discovery requests on Defendant, the Parties had not yet held a Rule 26(f) conference. *See id.* at 5 (stating that, as of October 19, 2023, "the formal Rule 26 Conference has yet to take place"). Because discovery is not permitted until after the Parties "have conferred as required by Rule 26(f)," Plaintiff's discovery requests are premature under Rule 26(d)(1).

Further, Plaintiff has not shown good cause for early or expedited discovery based on the current record, and the only asserted reason for the early discovery is merely that Plaintiff wants the discovery prior to the Case Management Conference for some unknown reason. *See* Dkt. 23 at 3. Further, it is evident from the chronology that Plaintiff sent these discovery requests prior to seeking leave or permission from the Court to engage in discovery earlier than the time allowed under the Rules. There is at best insufficient and at worst zero basis in the record presented by Plaintiff to attempt to meet the "good cause" standard for exceptional early discovery.

Because Plaintiff is proceeding *in propria personam*, the Court further provides **NOTICE** that Federal Rule of Civil Procedure 26 sets forth the requirements and purposes of the Rule 26(f) conference (which includes both parties' discussing a discovery plan among other topics) which ordinarily takes place prior to the start of formal discovery. Further, the Court provides **NOTICE** that Rule 26(a) sets forth the requirements of each Party's Initial Disclosures, which are normally served without the need for a discovery request on the other Party within 14 days after the Parties' Rule 26(f) conference, where those Initial Disclosures include (among other things) "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment" and "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." *See* Fed. R. Civ. P. 26(a)(1).

Accordingly and for all the reasons set forth herein, Plaintiff's request to compel

United States District Court
Northern District of California

Defendant to respond to discovery requests sent before the Rule 26(f) conference is **DENIED without prejudice** to renewal, if appropriate, once the fact discovery time period has properly commenced.

Accordingly, **IT IS ORDERED THAT:**

1. The Plaintiff's requests for relief in the three discovery letter briefs [Dkts. 23, 26, 30] are **DENIED without prejudice**.
2. The Parties shall review, be familiar with, and comply with Judge Kang's Standing Order for Discovery, particularly Section H relating to discovery disputes, which is now applicable to this case.
3. The Court further provides **NOTICE** that Plaintiff may choose to consult the resources for *pro se* litigants on the Court's website: https://www.cand.uscourts.gov/pro-se-litigants/. These materials include the manual, "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which can be downloaded directly from the Court's website or obtained free of charge from the Clerk's Office. Plaintiff may also seek assistance from the free Legal Help Center operated by the Bar Association of San Francisco, which is not part of this Court. The Legal Help Center has two locations: 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, California, and 1301 Clay Street, 4th Floor, Room 470S, Oakland, California. Assistance is provided at both offices by appointment only. Litigants may schedule an appointment by signing up in the appointment book located on the table outside the door of the Center at either location, or by calling the Legal Help Center appointment line at (415) 782-8982.

Dated: November 6, 2023.

PETER H. KANG
United States Magistrate Judge