UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>24 HOUR FITNESS USA, LLC,<br><br>　　　　Defendant. | Case No. 23-cv-00871-EMC   (PHK)<br><br>**ORDER ON MOTION FOR RECONSIDERATION RE: DISCOVERY ORDER OF NOVEMBER 6, 2023**<br><br>Re: Dkt. No. 35 |

## **BACKGROUND**

*Pro se* Plaintiff Michael Devin Floyd ("Plaintiff") brings this lawsuit, pursuant to 42 U.S.C. § 1981, alleging violations of his civil rights by Defendant 24 Hour Fitness USA ("Defendant"). Dkt. 1. The case has been referred to the undersigned for all discovery matters. *See* Dkts. 27-28.

Before the Court is Plaintiff's "Motion and Declaration for Leave to File Motion for Reconsideration of Order Denying Plaintiff's Requested Relief in Discovery Letter Briefs Without Prejudice to Renewal, Pursuant to Civil L.R. 7-9." Dkt. 35. The Court liberally construes Plaintiff's motion as a request for leave to file a motion for reconsideration of this Court's Order, entered on November 6, 2023, resolving three discovery letter briefs. *See* Dkt. 34; *see also Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) ("Courts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants."). For the following reasons, Plaintiff's request for leave is **DENIED**.

## **DISCUSSION**

A party seeking reconsideration of an interlocutory court order must first seek leave to file such a motion. Civil L.R. 7-9(a). The moving party must specifically show one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know of such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b).

A party seeking reconsideration may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c). "Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion for reconsideration." Civil L.R. 7-9(d).

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Gamevice, Inc. v. Nintendo Co.*, --- F. Supp. 3d ----, 2023 WL 4032009, at *1 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "As such, it [reconsideration] should not be granted 'absent highly unusual circumstances.'" *Id.* (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

Here, Plaintiff asks the Court to reconsider its November 6, 2023 Order resolving three discovery letter briefs pertaining to Defendant's alleged refusal to produce certain discovery that Plaintiff requested from Defendant's counsel on August 20, 2023. Dkt. 35; *see* Dkt. 34. As explained in that Order, the Court denied Plaintiff's request to compel Defendant to respond to the discovery requests at issue, first, because it was clear from the face of the discovery letter briefs that the Parties did not comply with the Court's meet and confer requirements regarding discovery disputes; and second, because Plaintiff's discovery requests were made prior to the Parties' Rule 26(f) conference and thus under the Federal Rules were premature. Dkt. 34 at 3-5.

Plaintiff seeks reconsideration of the Court's November 6, 2023 Order, arguing that the

2

Parties did somehow comply with the Court's meet and confer requirements, and also insisting that "Plaintiff's discovery requests were not premature." Dkt. 35 at 2-3.

Having reviewed Plaintiff's submission, the Court concludes that Plaintiff has not set forth adequate grounds for leave to file a motion for reconsideration. Plaintiff has not demonstrated the emergence of new material facts or a change in law occurring after the time of the Court's November 6, 2023 Order, nor has he shown that there is a material difference in fact or law from that which was previously presented to the Court. *See* Civil L.R. 7-9(b)(1)-(2). Further, Plaintiff has not offered any evidence of "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3).

In urging the Court to reconsider the November 6, 2023 Order, Plaintiff argues that he "did comply" with the Court's meet and conferral requirements with respect to the three discovery letter briefs, citing as evidence: (1) email correspondence in which Plaintiff requests that Defendant's counsel "add any detail you need and sign" Plaintiff's first unilateral discovery letter brief; (2) a copy of the Notice of Electronic Filing ("NEF") of Plaintiff's first unilateral discovery letter brief, dated October 16, 2023, stating that "Defendant elected not to participate and jointly file brief with Plaintiff[;]" and (3) email correspondence between the Parties and Judge Chen's Courtroom Deputy Clerk, in which Defendant's counsel states that "Defendant did not authorize [] or agree to" Plaintiff's filing of a unilateral discovery letter brief. Dkt. 35 at 2 (citing Dkts. 35-1, 35-2, 35-3). None of these materials constitute in-person, videoconference, or even telephonic direct verbal communications between the Parties in an attempt to resolve the matter through negotiated stipulation or otherwise. *See* Rutter Group Practice Guide: Federal Civil Procedure Before Trial (National Ed.) at Chapter 12-A § 12:12.5 (May 2023) ("Local rules may require counsel to contact opposing counsel before filing a motion to discuss the contemplated motion and attempt to resolve the matter by stipulation."). These materials do not show compliance with the minimum meet and confer requirements for presentation of discovery disputes to this Court as set forth in the Court's Discovery Standing Order, much less demonstrate grounds for the Court to revisit its previous Order.

3

1    Plaintiff also argues that his discovery requests, which he admits were sent to Defendant's
2    counsel prior to the Parties' Rule 26(f) conference, "were not premature" because they were
3    "Early Rule 34 Requests" supported by "good cause." *Id.* at 3. Specifically, Plaintiff argues that
4    "[t]he 'good cause' for the undesired [early] discovery is . . . the retainment of all evidence related
5    to the events in the Complaint[.]" Dkt. 35 at 3. Plaintiff states that the "the incidents in the
6    Plaintiff's Complaint . . . occurred more than four months prior to the Plaintiff['s] filing of the
7    Complaint." *Id.* Plaintiff further states that service of the summons took place "9 months after the
8    incident occurred." *Id.*

9    The information presented by Plaintiff does not establish a *prima facie* case of good cause
10   for early discovery such that reconsideration of the Court's Order denying such early discovery is
11   warranted. To the extent that Plaintiff raises concerns as to any feared or hypothetical spoliation
12   of evidence pertinent to his claims (which fears are wholly unsubstantiated), the Court notes that
13   Defendant (as well as Plaintiff) is under an ongoing duty to preserve evidence which it knows or
14   reasonably should know is relevant to this action. *See Oracle Am., Inc. v. Hewlett Packard Enter.*
15   *Co.*, 328 F.R.D. 543, 549 (N.D. Cal. 2018) ("As soon as a potential claim is identified, a litigant is
16   under a duty to preserve evidence which it knows or reasonably should know is relevant to the
17   action.") (citation omitted). "[T]he duty to preserve arises not only during litigation, but also
18   extends to the period before litigation when a party should reasonably know that evidence may be
19   relevant to the anticipated litigation." *Id.* (citation omitted). This obligation, backed by the
20   Court's power to impose sanctions for the destruction of such evidence, is generally sufficient to
21   secure the preservation of relevant evidence. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-46 (1991).
22   Thus, Plaintiff's unsupported concerns as to "retainment of evidence" are not sufficient cause for
23   any early discovery.

24   Finally, the record reflects that an Initial Case Management Conference was held before
25   Judge Chen on November 7, 2023. *See* Dkt. 37. As such, Plaintiff is now free to seek discovery
26   that is relevant and proportional to the needs of this case without obtaining prior leave of court
27   leave. *See* Fed. R. Civ. P. 26(b)(1). For that reason, Plaintiff's request for early discovery is moot
28   as well.

1     Accordingly, Plaintiff's motion for leave to file a motion for reconsideration of the November 6, 2023 Order [Dkt. 35] is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 21, 2024

PETER H. KANG
United States Magistrate Judge