UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br>  Plaintiff,<br>v.<br>24 HOUR FITNESS USA, LLC,<br>  Defendant. | Case No. 23-cv-00871-EMC<br><br>**ORDER RE PLAINTIFF'S MOTION FOR CLARIFICATION**<br><br>Docket No. 51 |

    Plaintiff has filed a motion asking for clarification as to why his motion for appointment of counsel was denied. *See, e.g.*, Floyd Decl. ¶ 5 (expressing surprise and being upset about denial of appointment of counsel because he had "renewed efforts to search and find counsel" which took several weeks of his time). The Court provides the following clarification.

    Generally, a person does not have right to counsel in civil cases; the Constitution does not require such. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Under 28 U.S.C. § 1915(e)(1), a court has discretion to appoint an attorney to represent a person unable to afford counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). However, the Ninth Circuit has explained that appointment of counsel under § 1915 should be "granted only in exceptional circumstances." *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978); *see also Palmer*, 560 F.3d at 970. By itself, a litigant's "indigence does not qualify 'as an exceptional circumstance.'" *Holmes v. Mueller*, No. 1:20-cv-00737-ADA-HBK (PC), 2023 U.S. Dist. LEXIS 169349, at *2 (E.D. Cal. Sept. 21, 2023). Nor does a litigant's "purported lack of legal knowledge [which] is a normal challenge faced by all pro se litigants." *Id.* Although "the assistance of

counsel may be helpful, the 'relevant consideration is not one of convenience' but rather exceptionalness." *Id.* Here, Plaintiff has not met that high standard.

This order disposes of Docket No. 51.

**IT IS SO ORDERED**.

Dated: July 8, 2024

_____
EDWARD M. CHEN
United States District Judge