1  SEYFARTH SHAW LLP
   Kristina Launey (SBN 221335)
2  Email: klauney@seyfarth.com
   400 Capitol Mall, Suite 2300
3  Sacramento, California 95814
   Telephone No.:  (916) 498-0159
4  Facsimile No.:   (916) 558-4839

5  SEYFARTH SHAW LLP
   Jeanine Scalero (SBN 203221)
6  Email: jscalero@seyfarth.com
   601 South Figueroa Street
7  Los Angeles, California 90017
   Telephone No.: (213) 270-9600
8  Facsimile No.:  (213) 270-9601

9  Attorneys for Defendant
   24 HOUR FITNESS USA, LLC
10

11

12              UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                SAN FRANCISCO DIVISION

15

16  MICHAEL DEVIN FLOYD,                    Case No. 3:23-cv-00871-EMC

17              Plaintiff,                   Honorable Edward M. Chen

18      v.                                   **DEFENDANT 24 HOUR FITNESS
                                             USA, LLC'S NOTICE OF MOTION
19  24 HOUR FITNESS USA,                     AND MOTION TO DISMISS
                                             PLAINTIFF'S FIRST AMENDED
20              Defendant.                    COMPLAINT**

21                                           Date:       January 9, 2025
                                             Time:       1:30 p.m.
22                                           Courtroom:  5

23                                           Action Filed:  February 27, 2023
                                             FAC Filed:     September 9, 2024
24

25

26

27

28

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 9, 2025 at 1:00 p.m., or as soon thereafter as the matter may be heard, before the Honorable Edward M. Chen in Courtroom 5, of the above-entitled court, located at 450 Golden Gate Ave, 15th Floor, San Francisco, CA 94102, Defendant 24 Hour Fitness USA, LLC ("24 Hour Fitness") will, and hereby does, move this Court for an order dismissing this lawsuit in its entirety.

This Motion is brought pursuant to Rule 12(b)(6) on the ground that the entire First Amended Complaint ("FAC") and each purported cause of action therein fails to state a claim upon which relief can be granted against 24 Hour Fitness.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings and records on file, and upon such oral and documentary evidence as may be presented by the parties at the hearing. Consistent with this Court's Local Rules, the undersigned counsel certifies that Counsel for Defendant met and conferred telephonically with Plaintiff on September 20, 2024 to discuss the contents of this motion. The Parties were not able to reach agreement.

DATED: September 25, 2024                    Respectfully submitted,

SEYFARTH SHAW LLP


By:   */s/ Jeanine Scalero*
Kristina Launey
Jeanine Scalero
Attorneys for Defendant
24 HOUR FITNESS USA, LLC

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................... 1

II.    FACTS ALLEGED IN PLAINTIFF'S FAC............................................... 2

III.   PROCEDURAL BACKGROUND ............................................................ 4

IV.    LEGAL STANDARD ................................................................................ 5

     A.     Standard on Motion to Dismiss ...................................................... 5

V.     LEGAL ANALYSIS .................................................................................. 6

     A.     Plaintiff's UCL Claim (Count 1) Should be Dismissed for Failure to State a Claim .................................................................. 6

     B.     Plaintiff's Intentional Infliction of Emotional Harm Claim (Count 2) Should Be Dismissed for Failure to Allege Facts to State a Claim............................. 8

     C.     The Court Should Dismiss Plaintiff's Negligent Infliction of Emotional Harm Claim (Count 3)................................. 10

     D.     The Court Should Dismiss Plaintiff's Civil Code § 1714 Claim (Count 4) . 11

     E.     The Court Should Dismiss Plaintiff's "Restatement (Third) of Law, Agency § 7.06 – Principal's Duty of Protection Failure, § 6.09 – Effect of Judgment" Claim (Count 5) .......................................... 12

     F.     The Court Should Dismiss Plaintiff's Negligent Training and Supervision Claim (Count 6).................................. 12

     G.     The Court Should Dismiss Plaintiff's Restatement (Third) of Law, Agency § 7.03 Claim (Count 7).................................. 13

     H.     The Court Should Dismiss the False Imprisonment Claim (Count 8) .......... 14

     I.     The Court Should Dismiss the Defamation and Slander Claim (Count 9)... 15

     J.     The Court Should Dismiss the Breach of Contract Claim (Count 12) ......... 16

     K.     The Court Should Dismiss Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count 10) .................................... 18

     L.     The Court Should Dismiss Plaintiff's Breach of Implied Duty to  Perform With Reasonable Care Claim (Count 11)................................ 18

VI.    LEAVE TO AMEND SHOULD BE DENIED...................................... 19

VII.   CONCLUSION.......................................................................................... 19

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ascon Properties, Inc. v. Mobil Oil Co.*,
    866 F.2d 1149, 1160 (9th Cir. 1989) ..................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..........................................................................5, 6, 7

*Balistreri v. Pacifica Police Dep't*,
    901 F.2d 696 (9th Cir. 1988) ....................................................................5

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................5, 6, 12, 13

*Bennett v. Medtronic, Inc*,
    285 F.3d 801, 903 n.2 (9th Cir. 2002) ......................................................1

*Birdsong v. Apple, Inc.*,
    590 F.3d 955 (9th Cir. 2009) ....................................................................6

*Boessenecker v. JPMorgan Chase Bank*,
    2014 WL 107063 (N.D. Cal. Jan. 10, 2014)............................................10

*Brazil v. U.S. Dep't of Navy*,
    66 F.3d 193 (9th Cir. 1995) ......................................................................6

*Diaz v. Tesla, Inc.*,
    598 F. Supp. 3d 809 (N.D. Cal. 2022) ....................................................12

*Eldridge v. Block*,
    832 F.2d 1132 (9th Cir. 1987) ..................................................................6

*In re Gilead Skips. Sec. Litig.*,
    536 F.3d 1049 (9th Cir. 2008) ..................................................................5

*Johnson v. Symantec Corp.*,
    58 F. Supp.2d 1107 (N.D.Cal. 1999)......................................................16

*Jones v. Brouwer*,
    2020 WL 7127125 (Oct. 16, 2020).............................................................6

*Leadsinger, Inc. v. BMG Music Publ'g.*,
    512 F.3d 522 (9th Cir. 2008).....................................................................19

*Luv n'care, Ltd. v. Jackel International  Ltd.*,
    502 F. Supp.3d 1106 (W.D.La.2020) ................................................2, 16

*Makhzoomi v. Sw. Airlines Co.*,
    419 F. Supp. 3d 1136 (N.D. Cal. 2019).....................................................9

ii

*McHenry v. Renne*,
  84 F.3d 1172 (9th Cir. 1996) ...................................................................6

*Moss v. United States Secret Serv.*,
  572 F.3d 962 (9th Cir. 2009) ..................................................................5

*Ramirez v. Galaza*,
  334 F.3d 850, 861 (9th Cir. 2003) ........................................................19

*Stamas v. Cnty. of Madera*,
  795 F. Supp. 2d 1047 (E.D. Cal. 2011) ...............................................15

*Starr v. Baca*,
  652 F.3d 1202 (9th Cir. 2011) ...............................................................6

*Western Min. Council v. Watt*,
  643 F.2d 618 (9th Cir. 1981) ................................................................11

**State Cases**

*Berry v. Frazier*,
  90 Cal. App. 5th 1258 (2023) .................................................................8

*Bocanegra v. Jakubowski*,
  241 Cal. App. 4th 848 (2015) ...............................................................14

*Burgess v. Sup. Ct.*,
  2 Cal. 4th 1064 (1992) ..........................................................................10

*C.A. v. William S. Hart Union High Sch. Dist.*,
  53 Cal. 4th 861 (2012) ..........................................................................13

*Careau & Co. v. Security Pacific Business Credit, Inc.*
  222 Cal. App. 3d 1371 (1990) ..............................................................18

*D'Arrigo Bros. of Calif. v. United Farmworkers of Am.*,
  224 Cal. App. 4th 790 (2014) ...............................................................16

*Delfino v. Agilent Techs., Inc.*,
  145 Cal. App. 4th 790 (2006) ...............................................................12

*Devis v. Bank of Am.*,
  65 Cal. App. 4th 1002 (1998) ...............................................................16

*Durell v. Sharp Healthcare*,
  183 Cal. App. 4th 1350 (2010) .............................................................18

*Farmers Ins. Exch. v. Superior Ct.*,
  2 Cal. 4th 377 (1992) .............................................................................7

*Hagberg v. California Fed. Bank*,
  32 Cal. 4th 350 (2004) ..........................................................................16

*Hamburg v. Wal-Mart Stores, Inc.*,
  116 Cal. App. 4th 497 (2004) ...............................................................14

iii

*Harm v. Frasher*,
181 Cal. App. 2d 405 (1960) ...................................................................................18

*Potter v. Firestone Tire & Rubber Co.*,
6 Cal. 4th 965 (1993) ...........................................................................................10

*Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*,
11 Cal. App. 4th 1026 (1992) .................................................................................18

*Rondelli v. Pima Cty.*,
120 Ariz. 483, 586 P.2d 1295 (Ariz. Ct. App. 1978) ................................................9

*Williams v. Taylor*,
129 Cal. App. 3d 745 (1982) ....................................................................................16

*Wong v. Jing*,
189 Cal. App. 4th 1354 (Cal. Ct. App. 2010) .............................................................9

**Federal Statutes**

42 U.S.C.A. § 1981 .........................................................................................................4

42 U.S.C.A. § 2000a ......................................................................................................4

**State Statutes**

Cal. Bus. & Prof. Code §§ 17200-17210 .......................................................................6

California Business & Professions Code § 17200 (California Unfair
Competition Law) ................................................................................................4, 6, 7

California Civil Code 47 ..........................................................................................15, 16

California Civil Code § 51 (Unruh Civil Rights Act) ......................................................4

California Civil Code § 51.5 ............................................................................................4

California Civil Code §1714 .......................................................................................1, 5

California Civil Code §1750 (Consumers Legal Remedies Act) .................................4, 11

Penal Code § 148(a)(1) ...................................................................................................9

Penal Code § 602.1(a) ....................................................................................................9

**Rules**

FRCP 8(a)(2) .............................................................................................................12, 13

Rule 8 ..............................................................................................................................6

Fed. R. Civ. P 10(c) .........................................................................................................3

Rule 12(b)(6) ...........................................................................................................2, 5, 11

Federal Rules of Civil Procedure 15(a)(2)..................................................................19

**Other Authorities**

*Floyd v. Saber Fitness Hegenberger, LLC,*
    Case No. 3:24-cv-01278-LJC USDC (N.D. CA) ...................................................1

*Floyd v. The McCall Gym Group., Inc.,*
    Case No., 24-cv-430631, Santa Clara Superior Court,.........................................1

*People of the State of Cal. v. Floyd,*
    Case No. 22-CR-01209, Alameda County Superior Court, ................................9

Restatement (Second) of Agency § 213 ...................................................................5

Restatement (Third) of Law, Agency, § 7.03 ................................................4, 5, 13

Restatement (Third) of Law, Agency, § 7.06 ................................................4, 5, 12

Restatement (Third) of Torts § 46 ...........................................................................4

Restatement (Third) of Torts § 47 ...........................................................................4

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

313573427v.2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

On February 27, 2023, Plaintiff Michael Devin Floyd ("Plaintiff") filed this action claiming that Defendant 24 Hour Fitness USA, LLC ("Defendant" or "24 Hour Fitness") violated his civil rights by revoking his gym membership. Over a year and a half later, on September 10, 2024, Plaintiff filed a First Amended Complaint ("FAC"), dropping all of his civil rights claims and instead asserting 12 (seven (7) of them new) nonsensical claims completely unsupported by any facts that would be sufficient to state any claim on which relief can be granted. Each of Plaintiff's claims recite the legal elements of the claim and then draws a conclusion, without alleging sufficient facts to support the claim. While Plaintiff presents an array of alleged details about what happened that led to his removal from the gym, arrest, and cancellation of his gym membership, he does not present plausible factual allegations in support of his actual legal claims.

Rather than supporting his claims, the facts that are alleged, and the documents referenced in the FAC, confirm that 24 Hour Fitness acted appropriately and in accordance with the law at all times when it cancelled Plaintiff's gym membership after Plaintiff violated Defendant's gym membership policies numerous times, including but not limited to, harassing female members and inappropriately touching at least one female member, and then refusing to leave the gym when asked by Defendant's manager, even requiring police assistance.[1] Plaintiff even refused the police instruction to leave and

---

[1] /    Planet Fitness and American Barbell Clubs also cancelled Plaintiff's gym membership for similar alleged behavior. Plaintiff filed lawsuits against those gyms as well. *See* RJN, Exhibits C, D, and E (First Amended Complaint in *Floyd v. Saber Fitness Hegenberger, LLC*, Case No., 23CV037550, Alameda County Superior Court, filed on July 3, 2023, and Second Amended Complaint, Case No., 3:24-cv-01278-LJC, USDC, N.D. CA (removed); and Complaint in *Floyd v. The McCall Gym Group., Inc*., Case No., 24-cv-430631, Santa Clara Superior Court, filed on February 8, 2024.) The Court may take judicial notice of records and filings of other court proceedings if those proceeding have a direct relation to matters at issue. *Bennett v. Medtronic, Inc*. 285 F.3d 801, 903 n.2 (9th Cir. 2002) (citation omitted).

1    was ultimately arrested and booked for trespassing and resisting arrest. Dkt. 65 (FAC),

2    Dkt. 65-1 (Exhibit 1), Dkt. 65-2 (Exhibit 2); *See also* RJN, Exhibits F and G.

3         Plaintiff's continued refusal to accept responsibility for his inappropriate actions

4    must stop here. Plaintiff has now had over a year and a half to present viable claims,

5    supported by sufficient facts, and is unable to do so. Accordingly, 24 Hour Fitness

6    respectfully requests an order dismissing Plaintiff's FAC under Federal Rule of Civil

7    Procedure ("Rule") Rule 12(b)(6) for failure to state a claim upon which relief can be

8    granted, without leave to amend.

9    **II.    FACTS ALLEGED IN PLAINTIFF'S FAC**[2]

10        Plaintiff alleges he entered into a contract with 24 Hour Fitness when he signed up

11   for a gym membership in January 2022. (FAC, pp. 6:11, 7:6, 10:14, 17:3-4.) Plaintiff

12   signed the contract on January 5, 2022 ("Agreement").[3] By entering into the Agreement,

13   Plaintiff agreed to abide by all of its terms and conditions, including 24 Hour Fitness'

14   Membership Policies and Club Rules which are incorporated into the Agreement. *See*

15   RJN, Exhibits A and B. Plaintiff's gym membership was revoked on October 11, 2022,

16   after multiple reports of harassment and inappropriate conduct toward other members

17   while using the facility. (FAC, p. 8:8-9, 17:11-12, 19:4-9.) Plaintiff fails to take any

18   responsibility for his actions, claiming that he did not violate any rules. (FAC, p. 19:8-9.)

19

20

21

22   _____

23   [2] /    We assume, *arguendo*, that all facts alleged in the FAC as true for purposes of this
     Motion only.

24

25   [3] /    *See* RFN, Exhibits A and B (Membership Agreement and Membership Policies
     and Club Rules). On a Rule 12(b)(6) motion, the Court can take judicial notice of

26   documents referred to, referenced and relied upon in a complaint, but not attached
     thereto, for purpose of establishing the fact that the documents existed and what they

27   said, where the authenticity of the document is not reasonably in dispute. *Luv n'care, Ltd.*
     *v. Jackel International  Ltd.*, 502 F. Supp. 3d 1106 (W.D.La. 2020).

28

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
313573427v.2

On July 18, 2022[4], Plaintiff was asked to leave the gym after a member accused him of harassment. (FAC, p. 9:3-10, Ex. 2.) In Exhibit 2 to the FAC, Plaintiff alleges he was told by Defendant's employees that he had been previously banned from the gym, there were multiple complaints of harassment against him, and that if he did not leave voluntarily, they would call the police.[5] Plaintiff refused to leave the gym. As such, the police were called by Defendant to escort Plaintiff out of the gym. *Id*.

On October 1, 2022, a staff member, manager, and two police officers walked into the locker room and ordered Plaintiff to leave the gym due to another accusation of harassment. Specifically, Plaintiff was told that a member complained that he "grabbed her on the ass," and that there had been other incidents prior this one. Plaintiff was again instructed by the manager to leave. Plaintiff asked, then insisted, that he be allowed to shower first but the manager refused. (FAC, p. 3:7-20.) The police officer asked the manager if he wanted to place Plaintiff under arrest for trespassing, which the manager did. Although irrelevant to Plaintiff's claims against Defendant, Plaintiff alleges that the police assaulted him in a forceful arrest, did not allow him to collect his belongings, and threatened him with a taser if he did not comply. (FAC, p. 4:1-5.) However, Plaintiff appears to have resisted arrest based on police evidence as well as Plaintiff's own allegations. Plaintiff alleges he backed away from the officers, held on to one of the lockers, and stated he would only comply if he could retrieve his belongings and walk out of the gym fully dressed. (FAC, p. 4:12-20, Ex. 1, p. 1, ¶¶2-5; and RJN, Exhibits F, G.)

Thereafter, Plaintiff returned to the gym multiple times to speak with managers, employees and the general manager concerning the allegations of harassment. (FAC, pp. 7:17-18, 12:3-4, 11:9-11, 14:13-14.) Plaintiff denied the accusations claiming he did not

---

[4] /    Plaintiff detailed the October 1, 2022, and July 18, 2022 incidents in letters he allegedly sent 24 Hour Fitness before filing this action, which he attached as Exhibit 1 and 2 to the FAC. These Exhibits are incorporated into and deemed part of the pleading for all purposes. Fed. R. Civ. P 10(c).

[5] /    Plaintiff even admits that incidents similar to this have happened before at Planet Fitness before he was banned from their gyms. (FAC, Ex. 2, p. 1.)

violate any gym rules. *Id*. Nonetheless, based on what it perceived as multiple credible reports of harassment, as well as Plaintiff's aggressive behavior with gym staff, both violations of his Agreement and Membership Policies and Club Rules, on October 11, 2022, 24 Hour Fitness terminated Plaintiff's gym membership. (*Id*., *see also* FAC, p. 14:17 (alleging 24 Hour Fitness "backed the actions of its employees"), p. 19:8-9; RFN, Ex. A (§§ 1, 6(f)(5)) and Ex. B ("Conduct" and "Violation of Policies or Rules")).

## III.    PROCEDURAL BACKGROUND

On February 27, 2023, Plaintiff filed his initial complaint against 24 Hour Fitness alleging the following claims: 1) Violation of 42 U.S.C.A. §1981; 2) Violation of 42 U.S.C.A. §2000a; 3) Violation of California Civil Code §51 (Unruh Civil Rights Act); 4) Violation of California Civil Code §51.5; 5) Violation of California Business & Professions Code §17200 (California Unfair Competition Law); 6) Violation of California Civil Code §1750 (Consumers Legal Remedies Act); 7) Intentional Infliction of Emotional Distress; 8) Negligent Training and Supervision; 9) Restatement (Third) of Law, Agency § 7.06 – Principal's Duty of Protection Failure, § 6.09 – Effect of Judgment; and 10) Restatement (Third)  of Law, Agency § 7.03 – Principal's Liability to Third Party, § 7.01, § 7.02 – Agent's Liability to Third Party.

On September 9, 2024, after a year and a half of litigation, Plaintiff filed a FAC (the operative complaint), dropping all four of his civil rights claims ((1)-(4) and claim (5)), and adding seven new claims ((3)-(4), (8)-(12)).[6]  The FAC alleges the following twelve claims: 1) Violation of California Business & Professions Code §17200; California Unfair Competition Law ("UCL"); 2) Restatement (Third) of Torts § 46 - Intentional (or Reckless) Infliction of Emotional Harm; 3) Restatement (Third) of Torts § 47 - Negligent Conduct Directly Inflicting Emotional Harm on Another; 4) California Civil Code 1714; 5) Restatement (Third) of Law, Agency § 7.06 – Principal's Duty of

---

[6] /    Plaintiff has used this tactic before in his lawsuit against Planet Fitness, where Plaintiff filed similar civil rights claims, only to drop them, and amend his pleadings to add new claims  *See* RJN, Exhibits C and D.

313573427v.2

Protection Failure, § 6.09 – Effect of Judgment; 6) Restatement (Second) of Agency § 213 - Negligent Training and Supervision; 7) Restatement (Third) of Law, Agency § 7.03 – Principal's Liability to Third Party, § 7.01, § 7.02 – Agent's Liability to Third Party; 8) False Imprisonment – False Arrest Without Warrant by Private Citizen; 9) Defamation and Slander; 10) Breach of Implied Covenant of Good Faith and Fair Dealing; 11) Breach of Implied Duty to Perform with Reasonable Care; and 12) Breach of Contract.

While the pleading is so convoluted, it is often impossible to tell what Plaintiff is intending to allege, it is clear that Plaintiff has not and cannot allege facts to support any of these claims. Therefore, Plaintiff's FAC should be dismissed without leave to amend.

## IV.    LEGAL STANDARD

### A.    Standard on Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) "[B]are assertions . . . amounting to nothing more than a `formulaic recitation of the elements' of a claim "are not entitled to an assumption of truth") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Further, the Court does not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Skps. Sec. Litig*., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).

A plaintiff must articulate "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but rather, it asks for more than a sheer possibility that a

defendant has acted unlawfully" or "facts that are 'merely inconsistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678. In the Ninth Circuit, (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Similarly, Courts have repeatedly held that "boilerplate recitations of legal elements and conclusory assertions of liability" are insufficient to state a claim for relief under the federal pleading standards set forth in *Twombly* and *Iqbal*.

Rule 8 requires that a complaint provide a "minimum threshold" giving defendant "notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). Failure to comply with Rule 8 is an independent basis for dismissal. *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (allowing dismissal even when complaint otherwise not "wholly without merit"). Although "federal courts must liberally construe the inartful pleading of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), even a pro se complaint may be dismissed upon a Motion to Dismiss if "it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim that would entitle him to relief." *Jones v. Brouwer*, 2020 WL 7127125, *2 (Oct. 16, 2020).

## V.    LEGAL ANALYSIS

### A.    Plaintiff's UCL Claim (Count 1) Should be Dismissed for Failure to State a Claim

Plaintiff's Unfair Competition Law claim ("UCL") (Count 1) fails and should be dismissed for failure to allege sufficient facts to state a claim. California's UCL law "prohibits unfair competition by means of any unlawful, unfair or fraudulent business practice." *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009) (citing Cal. Bus. & Prof. Code §§ 17200-17210). An "unlawful business activity" defined under section

17200 includes "anything that can properly be called a business practice and that at the same time is forbidden by law." *Farmers Ins. Exch. v. Superior Ct.*, 2 Cal. 4th 377, 383 (1992).

Nowhere in the FAC does Plaintiff allege facts to support his UCL claim. Plaintiff alleges that by virtue of his gym membership, he was entitled to be there, was entitled to but did not receive a fair harassment policy, a proper investigation, or proper notice. (FAC, pp. 6:11-14, 7:6-7. ) These allegations do not state an unfair business practice, or any facts to support that 24 Hour Fitness' harassment policy or Membership Policies and Club Rules were unlawful, unfair or fraudulent. Instead, he makes a conclusory allegation of law that 24 Hour Fitness did not enforce "a proper harassment policy to demand the plaintiff leave the business on two occasions before his rebuttal to the accusations." (FAC, p. 8:4-7.) This conclusion is not entitled to the assumption of truth, as it is no more than a "bare assertion" that the business practice is unfair. *Iqbal*, 556 U.S. at 681.[7]

To state a claim under the UCL, Plaintiff has to allege that he was asked to leave for an unlawful, discriminatory or fraudulent reason. He fails to do this. Instead, he alleges he was asked to leave due to reports he was bothering gym members. While Plaintiff was free to tell his side of the story, which he did, there is no law that entitles someone accused of sexual harassment to confront his accuser as he so claims. (FAC, p. 7:19-20.) 24 Hour Fitness was entitled to make the decision it made with the information that was presented to it. Plaintiff can disagree with that decision, but that does not make 24 Hour Fitness' decision or their practice unlawful.

Accordingly, Plaintiff has failed to state a claim under the UCL.

---

[7] / Plaintiff's allegations actually support the existence of a lawful harassment policy and 24 Hour Fitness's enforcement of it by asking Plaintiff to leave the premises after receiving complaints about him harassing members.

**B.      Plaintiff's Intentional Infliction of Emotional Harm Claim (Count 2) Should Be Dismissed for Failure to Allege Facts to State a Claim.**

Plaintiff's claim for intentional infliction of emotional harm (Count 2) fails and should be dismissed for failure to allege sufficient facts to state a claim. To state a claim for intentional infliction of emotional distress (IIED) Plaintiff must plead that: (1) the defendant engaged in "extreme and outrageous conduct," that is, conduct so extreme as to exceed all bounds of decency in a civilized community; (2) with the intent to cause, or with reckless disregard to the probability of causing, emotional distress; and (3) as a result, the plaintiff suffered extreme or severe emotional distress. *Berry v. Frazier*, 90 Cal. App. 5th 1258 (2023).

Here, Plaintiff alleges that on two occasions 24 Hour Fitness caused him emotional distress by having him "forcibly removed from the gym facilities by police." Plaintiff alleges he was accused of committing harassment acts on two occasions before being allowed an opportunity to refute the claims. (FAC, p. 9:3-6.) He further alleges that on the first occasion on July 18, 2022, he was removed by police in front of gym patrons during the busiest hours of the evening, slandering his reputation. (FAC, p. 9:7-10.) On the second occasion, on October 1, 2022, Plaintiff alleges that he was forced out of the locker room half naked. (FAC, p. 9:10-11.) Plaintiff alleges he suffered emotional distress caused by Defendant's outrageous conduct. (FAC, p. 9:11-15.)

Assuming Plaintiff's factual allegations as true, Plaintiff has not alleged facts that his removal from the gym due to being accused of sexual harassment is extreme and outrageous conduct, that is, conduct "so outrageous as to exceed the bounds of behavior usually tolerated." *Id*. Plaintiff agreed to abide by 24 Hour Fitness' Membership Policies and Club Rules, which allow 24 Hour Fitness to remove a member from its gym for violating any of its policies, **at its sole discretion**. *See* RJN, Exhibit B. Therefore, 24 Hour Fitness' act of requesting that Plaintiff leave the gym due to reports he was harassing female gym members is a reasonable response in line with its practices (in not tolerating any inappropriate conduct), and does not exceed all bounds of decency. *Id.*

Moreover, the only reason that Plaintiff was allegedly forcibly removed from the gym is because he refused to leave voluntarily and then resisted arrest[8].

In *Makhzoomi v. Sw. Airlines Co*., 419 F. Supp. 3d 1136, 1160–61 (N.D. Cal. 2019), the plaintiff was removed from a flight "in front of other passengers, aggressively patted down throughout his body and 'private parts', was asked to deplane for questioning, was not allowed to reboard the flight, and was subsequently detained for investigation by law enforcement. In granting summary judgment on plaintiff's IIED claim, the court held that absent discriminatory conduct, these actions were not "so outrageous as to exceed the bounds of behavior usually tolerated," and did not constitute extreme and outrageous conduct. *See also Rondelli v. Pima Cty*., 120 Ariz. 483, 586 P.2d 1295, 1302 (Ariz. Ct. App. 1978) (conduct by officers was not outrageous even though the plaintiff was stereotyped as a "Mafioso," detained with his family for an hour without explanation, searched and handcuffed outside his car in view of motorists on a street used by his neighbors and friends, treated as a dangerous criminal, and falsely arrested). Similar to the defendant's conduct in *Makhzoomi* and *Rondelli*, 24 Hour Fitness' conduct was also not outrageous, but a reasonable response in line with its business practices to protect its gym members from inappropriate and harassing behavior.

Plaintiff also fails to allege any facts to support that he suffered severe emotional distress. This requires a showing that "'a reasonable man, normally constituted, would be unable to adequately cope with the mental stress engendered by the circumstances of the case.'" *Wong v. Jing,* 189 Cal. App. 4th 1354, 1377-78 (Cal. Ct. App. 2010) (quotation omitted). What Plaintiff does allege is that he was "traumatized by both incidents" (FAC, pp. 11:4-5; 20:5), "lost many friends [he] connected with at 24 Hour Fitness," (*Id.* at

---

[8] /    Plaintiff was booked and charged with three misdemeanor offenses; 1) Obstructing or Intimidating Business Operators or Customers, a violation of Penal Code § 602.1(a); and 2) two counts of Resist, Obstruct, Delay of Peace Officer or EMT, in violation of Penal Code § 148(a)(1). *See* RJN, Exhibit E *(People of the State of Cal. v. Floyd*, Case No. 22-CR-01209, filed on October 5, 2022) and Exhibit F (Hayward Police Dept. Case Report, dated October 4, 2022).

20:6), and is "currently in and seeking professional counseling." (*Id*. at 20:10-11.) However, Plaintiff does not plead any facts to support that any reasonable person would suffer severe emotional distress by the alleged incidents that took place at 24 Hour Fitness. Certainly, Plaintiff can apply for a different gym membership at another gym and regain his social connections. Therefore, Plaintiff does not plead any facts to support that he suffered such severe emotional distress, that is "emotional distress of such substantial quality or enduring quality that no reasonable person in civilized society should be expected to endure it." *Boessenecker v. JPMorgan Chase Bank,* 2014 WL 107063, at *2 (N.D. Cal. Jan. 10, 2014) (quoting *Wong,* 189 Cal. App. 4th at 1377-78) (finding plaintiffs failed to adequately allege serious emotional distress where they alleged the husband "has seen his doctor several times complaining of stress," they "where not taking vacations since they were waiting to hear from Chase," and they were "not spending any money.")

Plaintiff's allegations are nowhere near the threshold required nor can he allege any such facts. Accordingly, Plaintiff has failed to state an IIED claim.

## C. The Court Should Dismiss Plaintiff's Negligent Infliction of Emotional Harm Claim (Count 3)

Plaintiff's claim for negligent infliction of emotional harm also fails and should be dismissed for failure to allege sufficient facts to state a claim. In California, negligent infliction of emotional distress ("NIED") is not an independent tort — "the tort is negligence." *Potter v. Firestone Tire & Rubber Co.,* 6 Cal. 4th 965, 984 (1993) (internal citation omitted); *see Burgess v. Sup. Ct.,* 2 Cal. 4th 1064, 1072 (1992) (explaining that "the traditional elements of duty, breach of duty, causation, and damages apply" to NIED claims). Therefore, to adequately plead this claim, Plaintiff must establish all the elements of negligence.  *Burgess,* Cal. 4th at 1073 (describing the elements of an NIED claim as "serious emotional distress . . . [caused by] a breach of duty owed [to] the plaintiff that is `assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.'")

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
313573427v.2

Plaintiff fails to allege facts to support a negligent claim. In a conclusory fashion, Plaintiff asserts that 24 Hour Fitness had a duty to him because "management and staff members at 24 Hour Fitness had a 'special relationship' with the Plaintiff." (FAC, p. 10:11-12.) But Plaintiff fails to include facts to support what "special relationship" created a duty under these circumstances. Instead, Plaintiff states as a legal conclusion that a duty was owed, without any support, and the Court may not assume the truth of such conclusions. *Western Min. Council v. Watt,* 643 F.2d 618 (9th Cir. 1981). Plaintiff also fails to allege sufficient facts to support the remaining elements of negligence. Besides quoting a case that states, "[a] plaintiff in any negligence suit must demonstrate a legal duty to use due care, a breach of such legal duty, and that the breach is the proximate or legal cause of the resulting injury," he makes no mention of plausible facts to support these elements. (FAC, p. 9:18-20.) Plaintiff also fails to allege any facts to support that he suffered severe emotional distress, as discussed in Section V.(B), above.

Therefore, Count 3 should be dismissed for failure to state a claim.

### D.    The Court Should Dismiss Plaintiff's Civil Code § 1714 Claim (Count 4)

Plaintiff's Fourth Cause of Action is brought pursuant to California Civil Code section 1714 (Count 4). Civil Code Section 1714, is not a cause of action, but rather a statute that establishes the general principle of negligence in California. Section 1714(a) states that "[e]veryone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself."

All Plaintiff alleges to support this cause of action is that "[for the same reasons listed in all previous sections, the Defendant has violated this California law." (FAC, p. 11:7-8.) This claim should be dismissed for the failure to state a claim, as it is based on the other theories of negligence alleged in the FAC — negligent infliction of emotional distress (Count 3); and negligent training and supervision (Count 6) — which also fail to meet the pleading requirements necessary to survive a 12(b)(6) motion.

Therefore, Count 4 should be dismissed for failure to state a claim.

**E.    The Court Should Dismiss Plaintiff's "Restatement (Third) of Law, Agency § 7.06 – Principal's Duty of Protection Failure, § 6.09 – Effect of Judgment" Claim (Count 5)**

Plaintiff titles his fifth claim "Restatement (Third) of Law, Agency § 7.06 – Principal's Duty of Protection Failure, § 6.09 – Effect of Judgment Claim" and alleges that "A principal required by contract or otherwise by law to protect another cannot avoid liability by delegating performance of the duty, whether or not the delegate is an agent." (FAC, p. 11:14-16.) Plaintiff's Fifth claim is unintelligible and 24 Hour Fitness is unclear what Plaintiff is attempting to allege. Federal Rule of Civil Procedures 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the …claim is and the grounds upon which is rests.'" *Twombly*, 550 U.S. at 545. Plaintiff's fifth claim fails on these grounds and should be dismissed for the failure to state a claim.

**F.    The Court Should Dismiss Plaintiff's Negligent Training and Supervision Claim (Count 6)**

Plaintiff's claim for negligent training and supervision fails and should be dismissed for failure to allege sufficient facts to state a claim. Under California law, "an employer may be liable to a third person for the employer's negligence in hiring, supervising, or retaining an employee who is incompetent or unfit." *Diaz v. Tesla, Inc.,* 598 F. Supp. 3d 809, 832 (N.D. Cal. 2022) (quoting *Delfino v. Agilent Techs., Inc.,* 145 Cal. App. 4th 790, 815 (2006). For the employer to be liable, "the employer must have known or should have known that retaining the employee 'created a particular risk or hazard and that particular harm materializes.'" *Id.*

In the FAC, Plaintiff alleges that Defendant employs the managers and employees responsible for both incidents that created this action, "manager Martinez and employee Sanchez" and "manager Kane and employee Pratt," and that 24 Hour Fitness "remained

12

the employer of those persons after the incidents occurred." (FAC, p. 13:5-12.) Plaintiff further alleges that he was reprimanded instead of the employees and accusers and that there were no promises by Defendant to retrain the employees. (*Id*. at p. 13:13-15.)

Plaintiff's allegations fall short of stating a negligent supervision and training claim, which typically applies to an employer retaining an employee with a past history of wrongdoing, such as violence, abuse or harassment. *See C.A. v. William S. Hart Union High Sch. Dist*., 53 Cal. 4th 861 (2012) (public school district may be vicariously liable for the negligence of administrators or supervisors in hiring, supervising, and retaining a school employee who sexually harasses and abuses a student). Here, Plaintiff fails to allege what these employees did to make them unfit or incompetent or how by retaining these employees, 24 Hour Fitness created a particular risk or hazard for Plaintiff. Plaintiff fails to allege that these employees had any past disciplinary actions against them, or past complaints against them, or past treatment of gym members in an unfair, aggressive or discriminatory manner. Instead, these employees responded to complaints of harassment in line with Defendant's lawful Membership Policies and Club Rules.

Therefore, Count 7 should be dismissed for failure to state a claim.

### G.    The Court Should Dismiss Plaintiff's Restatement (Third) of Law, Agency § 7.03 Claim (Count 7)

The FAC titles Count 7 as "Restatement (Third) of Law, Agency § 7.03 - Principal's Liability to a Third Party, § 7.01, § 7.02 – Agent's Liability to Third Party" FAC, p. 13:19-20. Plaintiff alleges that "An employer is subject to liability for the torts of its employees acting outside the scope of their employment…Restatement § 219(2)(b)...." (*Id*. at 14:1-3.) Plaintiff's Seventh claim is also unintelligible and 24 Hour Fitness is unclear what Plaintiff is attempting to allege. Again, FRCP 8(a)(2) requires that a complaint contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to `give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly,* 550 U.S. at 545. Asserting a cause of action based on multiple sections of the Restatement (Third) of Agency does not give 24 Hour

Fitness fair notice of what the claim is and the grounds to support the claim. *Id.* Therefore, this claim should be dismissed on this basis alone.

Even if the Court grants consideration to this claim, Plaintiff has failed to allege tortious conduct. Plaintiff alleges that he explained to 24 Hour Fitness' general manger that "the accusations were fabricated and that her employees did not handle the situation properly. Still the Plaintiff's membership was canceled." (FAC, pp. 14:13-16, 15:4-8.) As a result, Plaintiff alleges in a conclusory fashion that Defendant is subject to liability for the actions of its employees' tortious conduct. *Id*. However, Plaintiff's allegations do not demonstrate that <u>any</u> tortious conduct occurred. Plaintiff's belief that Defendant's employees did not handle the situation properly because they asked him to leave the gym following a complaint of harassment, is not a tortious act, but rather conduct that demonstrates an employee performing their job duties and acting in accordance with their employer's policies.

Therefore, Count 7 should be dismissed for failure to state a claim.

## H.    The Court Should Dismiss the False Imprisonment Claim (Count 8)

Plaintiff's claim for false imprisonment fails and should be dismissed for failure to allege sufficient facts to state a claim. "False imprisonment involves the intentional confinement of another against the person's will. The elements are (1) nonconsensual, intentional confinement of a person, (2) without lawful privilege, (3) for an appreciable period of time, however brief." *Bocanegra v. Jakubowski*, 241 Cal. App. 4th 848, 855 (2015).  False arrest is not a different tort but merely one way of committing the tort of false imprisonment. *Hamburg v. Wal-Mart Stores, Inc.*, 116 Cal. App. 4th 497, (2004), as modified (Mar. 3, 2004). While a person falsely arrested by a citizen ordinarily has no remedy against the peace officer who took him or her into custody as a result of the arrest, he or she has a tort remedy against the offending citizen. *Id*.

In his FAC, Plaintiff alleges a false imprisonment claim under a "false arrest." Plaintiff alleges that: 1) Defendant intentionally caused Plaintiff to be arrested without a warrant; 2) that Plaintiff was actually harmed; and 3) that Defendant's conduct was a

14

substantial factor in causing Plaintiff's harm. (FAC, p. 15:12-18.) Plaintiff's claim fails for several reasons.

First, Defendant's employee did not cause Plaintiff's arrest. Rather, Plaintiff did. Defendant's employee required Plaintiff to leave its premises after receiving a member's complaint that Plaintiff was harassing her, in line with Defendant's Membership Policies and Club Rules. (FAC, p. 15:19-20; RJN, Exhibit B). It was only after Plaintiff refused to leave without first taking a shower that he was placed under arrest for trespassing. (FAC, pp. 3:14-5:4, 16:1-2, Ex. 1.) Plaintiff also failed to allege facts that 24 Hour Fitness' conduct was a substantial factor in causing Plaintiff harm. Instead, Plaintiff caused his own harm by refusing to leave Defendant's premises voluntarily. *Id*. 24 Hour Fitness never held Plaintiff or prevented him from leaving the premises, but rather asked him to leave voluntarily, but he refused. *See* RFN, Exhibits F and G.

Therefore, Plaintiff has not alleged facts to establish a false imprisonment claim based on a warrantless arrest, and this claim should be dismissed.

## I.     The Court Should Dismiss the Defamation and Slander Claim (Count 9)

Plaintiff's claim for defamation and slander fails and should be dismissed for failure to allege sufficient facts to state a claim. In California, the elements of slander are: (1) a publication; (2) which is without privilege or justification; (3) which is false; and (4) which causes direct and immediate pecuniary loss. *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047 (E.D. Cal. 2011).

Plaintiff's sole allegation in support of this claim is that "manager Kane informed two officers, an employee, and myself that I assaulted a woman by grabbing her buttocks." (FAC, p. 16:8-9.) This statement cannot form the basis of a slander claim because the statement is privileged under California Civil Code section 47. Under section 47(b), statements are privileged when made in any (1) legislative proceeding, (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law. Ca. Civ. Code § 47.

1
2
3
4
5
6
7
8
9
10

Reports made by citizens to police regarding potential criminal activity are part of a judicial proceeding and thus privileged from use as the basis for a defamation action, provided that an erroneous report to police is made in good faith. *Devis v. Bank of Am.*, 65 Cal. App. 4th 1002 (1998) (citing Cal. Civ. Code § 47.) *See also Williams v. Taylor*, 129 Cal. App. 3d 745, 753 (1982) (§ 47 privilege applies to causes of actions for slander.) *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 364 (2004) (communications concerning possible wrongdoing made to an official governmental agency such as a local police department are privileged). And in *Johnson v. Symantec Corp.*, 58 F. Supp. 2d 1107 (N.D. Cal. 1999), the court applied the privilege to bar a defamation action against a man who reported to the police that a coworker assaulted him.

11
12
13
14

In the FAC, Plaintiff has not made (nor can he make) any allegations that the statements made to the police were made in bad faith or with an ill motive. (FAC, p. 6-9.) Therefore, Plaintiff's claim for defamation and slander should be dismissed for failure to state a claim.

15

### J.  The Court Should Dismiss the Breach of Contract Claim (Count 12)

16
17
18
19
20

Plaintiff's claim for breach of contact fails and should be dismissed for failure to allege sufficient facts to state a claim. Establishing a breach of contract claim requires a showing of: (1) the existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) the resulting damages to the plaintiff. *D'Arrigo Bros. of Calif. v. United Farmworkers of Am.*, 224 Cal. App. 4th 790 (2014).

21
22
23
24
25

Under Paragraph 6(f) of the Agreement, 24 Hour Fitness has the right to terminate an individual's gym membership if the individual fails "to follow any of 24 Hour's Membership Policies or Club Rules or any part of this Agreement", or the individual's "conduct is improper or harmful to the best interest of 24 Hour or its members."  *See* RJN, Exhibit A, at p. 6, ¶6(f)(5), (6). [9] 24 Hour Fitness Membership Policies ("Policies")

26
27
28

---

[9] /    *See* RJN, Exhibit A.  The Court can take judicial notice of the Agreement, because Plaintiff refers to it and relies upon on it in the FAC.  *Luv n' care, Ltd., supra,* 502 F. Supp. 3d 1106.

and Club Rules ("Rules"), which are incorporated into the Agreement, further provide that the individual will agree to follow 24 Hour Fitness Polices to "ensure a safe and more enjoyable environment in which to exercise."[10]

Plaintiff alleges that the harassment allegations against him were not properly investigated, he was not given an opportunity to explain himself before being removed from the gym, and further alleges that his membership was cancelled though he did not violate any rules. (FAC, p. 19:3-9.) These allegations cannot support a breach of the Agreement.

The Policies and Rules identify prohibited conduct and specify the consequences of violating them. These Policies and Rules state that 24 Hour Fitness will not tolerate any inappropriate conduct, including **any conduct that harasses or is bothersome to members, guest or employees**. If a member violates any of these Policies or Rules, 24 Hour Fitness may ask that person to stop or leave. A member's violation of any of the Policies or Rules may also cause 24 Hour Fitness, in its **sole discretion**, to terminate that person's membership. *See* RJN, Exhibits A and B.

As alleged by Plaintiff, he spoke to managers, employees and the general manager concerning the harassment report and denied the accusation, but was not allowed to confront his accuser. (FAC, p. 7:17-20.) There are no conditions in the Agreement or Policies and Rules that a member will be allowed to confront his accuser after an allegation of inappropriate conduct. *See* RJN, Exhibits A and B. The fact that 24 Hour Fitness reached the conclusion it did also does not amount to a breach of the Agreement as it has the discretion to make these judgment calls. *Id*. Therefore, Plaintiff has not alleged any facts to establish that 24 Hour Fitness breached the Agreement. Rather, it enforced the Agreement pursuant to its Policies and Rules. The fact that Plaintiff disagrees with the conclusion reached that he was bothering or harassing members is immaterial.

Therefore, Count 7 should be dismissed for failure to state a claim.

---

[10] / *Id*.; *See* also RJN, Exhibit B.

### K.     The Court Should Dismiss Plaintiff's Breach of Implied Covenant of Good Faith and Fair Dealing Claim (Count 10)

Plaintiff's claim for breach of implied covenant of good faith and fair dealing should be dismissed for failure to allege sufficient facts to state a claim. The implied covenant of good faith and fair dealing is implied by law in every contract. *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1369 (2010).  The covenant is read into contracts and functions as a supplement to the express contractual covenants to prevent a contracting party from engaging in conduct which frustrates the other party's rights to the benefits of the contract. *Racine & Laramie, Ltd. v. Dept. of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031-1032 (1992) (quotations omitted). The covenant also requires each party to do everything the contract presupposes the party will do to accomplish the agreement's purposes. *Harm v. Frasher,* 181 Cal. App. 2d 405, 417 (1960). A breach of the implied covenant of good faith is a breach of the contract. *Careau & Co. v. Security Pacific Business Credit, Inc.* (1990) 222 Cal. App. 3d 1371, 1393.

As stated above, because Plaintiff cannot allege a breach of contract claim, or that 24 Hour Fitness acted in such a way to frustrate the terms of the Agreement, he cannot allege a breach of the implied covenant of good faith and fair dealing. This claim rises and falls with the breach of contract claim and should similarly be dismissed.

### L.     The Court Should Dismiss Plaintiff's Breach of Implied Duty to Perform With Reasonable Care Claim (Count 11)

Plaintiff's Eleventh Cause of Action is a restatement of his breach of contract and breach of implied covenant of good faith and fair dealing claims. Because Plaintiff failed to allege facts to state those claims, he has also failed to allege sufficient facts here. Plaintiff alleges that 24 Hour Fitness did not act fairly and in good faith by terminating his contract because the claims of harassment against him were not properly investigated. (FAC, pp. 18:8-11, 19:4-5.) Because the Agreement allows 24 Hour Fitness to terminate a members contract at their discretion, Plaintiff has failed to allege sufficient facts to support this claim. *See* RFN, Exhibits A and B.

1    Therefore, this claim should be dismissed for the failure to state a claim, as it is
2 based on the other contract claims alleged — breach of contract (Count 12) and breach of
3 implied covenant of good faith and fair dealing (Count 10) — which also fail to meet the
4 pleading requirements necessary to survive a 12(b)(6) motion.

5 **VI.    LEAVE TO AMEND SHOULD BE DENIED**

6    Although Federal Rules of Civil Procedure 15(a)(2) provides that leave to amend
7 shall be freely given when justice requires, the district court has broad discretion to
8 determine when to grant leave to amend. *Leadsinger, Inc. v. BMG Music Publ'g.*, 512
9 F.3d 522, 532 (9th Cir. 2008) (affirming district court's dismissal of plaintiff's complaint
10 without leave to amend). The court may deny leave to amend when there has been a
11 failure to cure deficiencies through prior amendments or granting leave would be futile.
12 *Id*. (citation omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003)
13 (leave to amend is not appropriate when "the pleading could not possibly be cured by the
14 allegations of other facts." Moreover, "[t]he district court's discretion to deny leave to
15 amend is particularly broad where plaintiff has previously amended the complaint."
16 *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989).

17    Here, Plaintiff has amended his complaint once after over a year and a half of
18 litigation, and has still been unable to state any viable claims, despite laying out all of his
19 factual allegations in the face of the FAC and in great detail in Exhibits 1 and 2.
20 Therefore, granting Plaintiff leave to amend will not serve any benefit as Plaintiff has no
21 plausible claims against 24 Hour Fitness.

22 **VII.    CONCLUSION**

23    For the reasons set forth above, 24 Hour Fitness respectfully requests that the
24 Court dismiss Plaintiff's FAC in its entirety, without leave to amend.

25
26
27
28

19

1  DATED: September 25, 2024                    Respectfully submitted,

2                                                SEYFARTH SHAW LLP

3

4                                                By:    /s/ Jeanine Scalero

5                                                    Kristina Launey
                                                     Jeanine Scalero
6                                                    Attorneys for Defendant
                                                     24 HOUR FITNESS USA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California  90017-5793.

On **September 25, 2024**, I served the within document(s):

**DEFENDANT 24 HOUR FITNESS USA, LLC'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

| ☒ | Electronically by using the Court's ECF/CM System. |
|---|---|

| Michael Devin Floyd, In Pro Per<br>1214 Mount Hermon Road<br>Scott Valley, California 95066<br>Telephone No.: (713) 562-7229<br>Email: mdf3039@gmail.com | |
|---|---|

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on **September 25, 2024**, at Los Angeles, California.

*Sandra Hinojosa*
Sandra Hinojosa

313573427v.2