UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>24 HOUR FITNESS USA, LLC,<br><br>　　　　Defendant. | Case No. 23-cv-00871-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION; AND GRANTING PLAINTIFF'S REQUEST FOR CLARIFICATION**<br><br>Docket No. 86 |

Previously, the Court granted in part and denied in part the motion to dismiss filed by Defendant 24 Hour Fitness USA, LLC ("24HF"). Now pending before the Court is Plaintiff Michael Devin Floyd's motion for leave to file a motion for reconsideration. Having considered the papers submitted, the Court hereby **DENIES** Mr. Floyd's motion for relief. However, the Court does **GRANT** his request for a clarification as to its prior order.

## I.　DISCUSSION

A.　Legal Standard

Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of the Court to file the motion." Civ. L.R. 7-9(a). A party moving for leave must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law

|   |   |
|---|---|
|   | occurring after the time of such order; or |
| (3) | A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. |

Civ. L.R. 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c).

B.   <u>Failure to Comply with Local Rule 7-9</u>

In the pending motion, Mr. Floyd asks the Court for leave to file a motion to reconsider certain rulings made in the 12(b)(6) order. *See* Docket No. 85 (order). According to Mr. Floyd, reconsideration is warranted for three claims: intentional infliction of emotional distress ("IIED"), defamation/slander, and false imprisonment/false arrest. He points out that, after briefing on the 12(b)(6) motion was complete (with the reply brief being filed on October 16, 2024), he took the deposition of a 24HF employee on October 22, 2024. Based on that testimony, he argues that he can make new allegations to address the deficiencies identified by the Court for his IIED and defamation/slander claims. For the false imprisonment/false arrest claim, he argues that the Court mistakenly referred to trespass in violation of California Penal Code § 602 when, in fact, the correct statute that should have been considered was § 602.1(a).

The Court denies the motion for leave to file a motion to reconsider because Mr. Floyd has failed to meet the requirements of Civil Local Rule 7-9. For example, he has not shown that, "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Civ. L.R. 7-9(a). Mr. Floyd claims that there are new facts based on the deposition of the 24HF employee, Mr. Pratt.[1] But Mr. Floyd brought out those new facts at the hearing on the motion to dismiss which took place on January 9, 2025 (*i.e.*, well after the deposition that occurred on October 22, 2024).

---

[1] According to Mr. Floyd, new facts include the following: (1) for the October 2022 incident, 1.5 hours passed between the time the alleged victim made her complaint and the time the police arrived; and (2) also for the October 2022 incident, the alleged victim complained there was a sexual comment, not touching, but a 24HF employee told the police that touching was involved.

2

As for the Court's citation of § 602, that was based on the police report, which clearly states: "Floyd was transported and booked into Hayward Police Department Jail for [§] 602(m) . . . ." Docket No. 66-8 (ECF Page 4). Mr. Floyd has provided evidence that he was charged with a violation of 602.1(a), not § 602. *See* Docket No. 86-4 (criminal complaint filed in Alameda County Superior Court on 10/5/2022). But it is not uncommon for an arrest and a criminal complaint to have different charges. More to the point, for purposes of Civil Local Rule 7-9, Mr. Floyd has failed to show, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments *which were presented to the Court* before such interlocutory order." Civ. L.R. 7-9(b)(3) (emphasis added). Mr. Floyd never mentioned § 602.1(a) at the hearing on the 12(b)(6) motion to dismiss, nor has he shown now that, "in the exercise of reasonable diligence[,] . . . [he] did not know such fact or law at the time of the [12(b)(6)] order." Civ. L.R. 7-9(b)(1).

C.    Merits of Motion to Reconsider

Even if Mr. Floyd could overcome the procedural bar above, his motion to reconsider is problematic on the merits. For example, Mr. Floyd claims that there is now evidence that a 24HF witness lied to the police. Mr. Floyd took the deposition of Mr. Pratt, one of the 24HF employees present during the October 2022 incident. In his deposition, Mr. Pratt testified that the alleged victim made the complaint about Mr. Floyd to him; she said Mr. Floyd was recording her and making sexual comments. He could not remember anything else about the complaint. *See* Docket No. 86-3 (Pratt Depo. at 7, 11-12). According to Mr. Floyd, Mr. Pratt told Mr. Kane, a 24HF manager onsite about the complaint, and then Mr. Kane lied to the police, saying that the alleged victim made a complaint about touching – *i.e.*, not sexual comments.

Mr. Floyd is correct that the police report refers to touching. However, the police report does not clearly reflect that Mr. Kane or another 24HF witness claimed there was touching for the October 2022 incident specifically (as opposed to conduct on a prior occasion). *See, e.g.*, Docket No. 66-8 (police report, ECF Page 13) (stating, *inter alia*, that "Pratt was an employee . . . and had received multiple complaints from different gym members advising Floyd was a constant nuisance inside the gym[;] Floyd would touch females in inappropriate ways and make them feel uncomfortable while working out[;] [d]ue to the multiple complaints, Floyd was asked to leave the

3

gym but he refused"). Thus, Mr. Floyd's contention that there was clearly a lie to the police is not established.

As for the issue related to § 602 and § 602.1(a), as noted above, it is not uncommon for an arrest and a criminal complaint to have different charges. Furthermore, § 602.1(a) is still a trespass-based statute, providing that

> [a]ny person who intentionally interferes with any lawful business or occupation carried on by the owner or agent of a business establishment open to the public, by obstructing or intimidating those attempting to carry on business, or their customers, and who refuses to leave the premises of the business establishment after being requested to leave by the owner or the owner's agent, or by a peace officer acting at the request of the owner or owner's agent, is guilty of a misdemeanor . . .

Cal. Pen. Code § 602.1(a) (emphasis added). Thus, even if Mr. Floyd were alleged to have violated § 602.1(a), that would have material impact on the Court's analysis of the false imprisonment/false arrest claim.

## II. CONCLUSION

For the foregoing reasons, the Court denies the motion for leave to file a motion for reconsideration.

The Court, however, grants Mr. Floyd's request for a clarification. Mr. Floyd correctly notes that the Court did not dismiss the § 17200 claim. Thus, the Court's conclusion should state that all claims are dismissed with prejudice except for his claims for (1) negligence/negligent infliction of emotional distress; (2) breach of contract, the implied covenant of good faith and fair dealing, and the implied duty to perform with reasonable care; and (3) violation of § 17200.

This order disposes of Docket No. 86.

**IT IS SO ORDERED**.

Dated: February 9, 2025

_____
EDWARD M. CHEN
United States District Judge

4