UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br>        Plaintiff,<br>    v.<br>24 HOUR FITNESS USA, LLC,<br>        Defendant. | Case No. 23-cv-00871-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Docket No. 94 |

Plaintiff Michael Devin Floyd's motion for leave to file an amended complaint (Dkt. 94) is denied. In his motion, Mr. Floyd seeks to re-assert claims for false imprisonment, slander or defamation, and intentional infliction of emotional distress. *See* Dkt. 94 at 2. In its January 14, 2025 order on Defendant 24 Hour Fitness USA, LLC's motion to dismiss, the Court dismissed these claims with prejudice. *See* Dkt. 85 at 10, 13, and 15. Thus, Mr. Floyd's present motion effectively requests that the Court reconsider its earlier order dismissing these claims with prejudice.

Civil Local Rule 7-9 binds motions for reconsideration. Under Civil Local Rule 7-9, "[n]o party may notice a motion for reconsideration without first obtaining leave of the Court to file the motion." Civ. L.R. 7-9(a). A party moving for leave must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Mr. Floyd has failed to show any of the above for the claims he seeks to re-assert. Thus, the Court denies his motion.

**IT IS SO ORDERED**.

Dated: February 21, 2025

_____
EDWARD M. CHEN
United States District Judge