1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL DEVIN FLOYD,                      Case No.  23-cv-00871-EMC

8              Plaintiff,

9         v.                                   **ORDER DENYING PLAINTIFF'S
                                               MOTION FOR ENTRY OF
10   24 HOUR FITNESS USA, LLC,                 JUDGMENT UNDER RULE 54(B)**

11             Defendant.                      Docket No. 92

12

13

14         Previously, the Court dismissed with prejudice three of Plaintiff's claims: false

15   imprisonment; slander/defamation; and intentional infliction of emotional distress ("IIED").  In

16   the pending motion, Plaintiff asks the Court to enter a partial final judgment on those claims so

17   that he may appeal them. *See* Fed. R. Civ. P. 54(b).  He then asks the Court to stay the remainder

18   of this case while his appeal is pending before the Ninth Circuit.  He notes that this would avoid

19   the necessity of two trials.

20         Plaintiff's motion is, in large part, moot.  This is because, in conjunction with the motion,

21   Plaintiff has submitted new information for the Court to consider and, based on this information,

22   the Court reevaluates Plaintiff's prior motion to reconsider and/or motion for leave to amend.  The

23   critical piece of information is a transcript of video taken by a police officer's body camera during

24   the October 2022 incident.  The transcript reflects that the manager of 24 Hour Fitness ("24HF"),

25   Mr. Kane, did tell the police that Plaintiff had touched a gym member on that date.  However,

26   when the other 24HF employee, Mr. Pratt, was deposed, he did not claim that any touching had

27   occurred, but rather stated that there were sexual comments.  Thus, a reasonable inference can be

28

United States District Court
Northern District of California

1    made that Mr. Kane lied to the police.[1]

2    Because such an inference can reasonably be made, the Court shall allow Plaintiff to

3    amend his complaint (1) **solely** on the basis that Mr. Kane lied to the police and (2) to assert

4    claims for **defamation/slander** and **IIED** based on the alleged lie to the police.  The Court shall

5    not allow Plaintiff to plead in the amended complaint a claim for false arrest/imprisonment

6    because, even if Mr. Kane lied to the police, that was not material because Plaintiff was arrested

7    for trespass under California Penal Code § 602(m) – *i.e.*, for not leaving when asked.  *See* Cal.

8    Pen. Code § 602(m) (providing that a trespass occurs where one "[e]nter[s] and occup[ies] real

9    property or structures of any kind without the consent of the owner").  He was not arrested for a

10    violation of § 602.1(a).  *See id.* § 602.1(a) (providing that "[a]ny person who intentionally

11    interferes with any lawful business or occupation carried on by the owner or agent of a business

12    establishment open to the public, by obstructing or intimidating those attempting to carry on

13    business, or their customers, and who refuses to leave the premises of the business establishment

14    after being requested to leave by the owner or the owner's agent, or by a peace officer acting at the

15    request of the owner or owner's agent, is guilty of a misdemeanor").

16    **Plaintiff shall file his amended complaint within a week of the date of this order.  No**

17    **amendments other than those specifically permitted here are allowed.  If no amendment is**

18    **timely filed, then the Court shall deem Plaintiff to have waived the right to proceed with the**

19    **defamation and IIED claims.  24HF shall file its answer to the amended complaint one week**

20    **after the amendment is filed.**

21    As noted above, given the Court's ruling here, Plaintiff's Rule 54(b) motion is largely

22    moot – *i.e.*, because the Court is allowing him to proceed with the defamation/slander and IIED

23    claims based on the factual predicate above.  To the extent Plaintiff still asks for entry of a partial

24    final judgment on his false arrest/imprisonment claim and a stay of proceedings so that he can take

25    an appeal of that claim, that request for relief is denied.  Rule 54(b) provides as follows:

26

27    _____

[1] To be clear, the Court is not making any ruling as to whether or not Mr. Kane did lie.  During his
deposition, Mr. Pratt did not recall anything else about the October 2022 incident; that in and of

28    itself does not mean that no touching occurred.  However, at this juncture, the Court makes all
reasonable inferences in Plaintiff's favor.

United States District Court
Northern District of California

1

2

3

4

5

6

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is *no just reason for delay*.  Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

7    Fed. R. Civ. P. 54(b) (emphasis added).

8         The Supreme Court has instructed that,

9

10

11

> in deciding whether there are no just reasons to delay . . . , a district court must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to ensure that application of the Rule effectively "preserves the history federal policy *against piecemeal appeals*."

12   *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (emphasis added).  In other words,

13   the purpose and policy behind Rule 54(b) is to "'avoid redundant review of multiple appeals based

14   on the same underlying facts and similar issues of law.'"  *Acumen Re Mgmt. Corp. v. General Sec.*

15   *Nat'l Ins. Co.*, 769 F.3d 135, 143 (2d Cir. 2014); *see also Curtiss-Wright*, 466 U.S. at 10

16   (indicating that a court should consider the "interrelationship of the claims so as to prevent

17   piecemeal appeals in cases which should be reviewed only as single units"); Moore's Fed. Prac. –

18   Civ. § 54.23[1][b] (stating that, "if the unadjudicated claims are closely related to those decided,

19   the district court should generally refuse to enter a judgment under Rule 54(b)" but, if "the claims

20   are sufficiently distinct so that duplicative appellate review will be avoided, the court of appeals

21   will generally find that entry of a Rule 54(b) judgment was not an abuse of discretion").

22         In the instant case, the claim for false arrest/imprisonment has a close relationship with the

23   claims that have not been dismissed – *i.e.*, NIED/negligence; breach of contract, the implied

24   covenant of good faith and fair dealing, and/or the implied duty to perform with reasonable care;

25   violation of § 17200; and now defamation and IIED.  Though the legal elements of the claims

26   differ, all of the claims are based on essentially the same underlying series of occurrences – *i.e.*,

27   that Plaintiff was accused of inappropriate conduct on two different occasions, that he was asked

28   or forced to leave (on one occasion, with the assistance of the police), and that his gym

United States District Court
Northern District of California

1   membership was subsequently terminated.  Given the overlap in facts, this would raise the

2   prospect of piecemeal appeals.  *See, e.g.*, *Wood v. GCC Bend, LLC*, 422 F.3d 873, 883 (9th Cir.

3   2005) ("As this is a routine case, the facts on all claims and issues entirely overlap, and successive

4   appeals are essentially inevitable, we conclude that Wood's Rule 54(b) request was improvidently

5   granted."); *Regueiro v. Am. Airlines, Inc.*, No. 22-12538-DD, 2022 U.S. App. LEXIS 33355, *4

6   (11th Cir. Dec. 2, 2022) ("District courts should . . . be hesitant to employ Rule 54(b) when the

7   underlying facts of the adjudicated and unadjudicated claims are intertwined.").

8           As a final point, the Court acknowledges that its ruling here, which permits Plaintiff to

9   proceed (on a limited basis) with his defamation and IIED claims, is being issued after both parties

10  have already moved for summary judgment (*i.e.*, on the NIED, contract-related, and § 17200

11  claims).  At this juncture, the Court shall not allow either party to file a second motion for

12  summary judgment to address the defamation and IIED claims.  It seems likely that how the Court

13  rules on the already pending summary judgment motions will inform how the defamation and

14  IIED claims should proceed.  The Court will proceed to hear the current summary judgment

15  motions as scheduled.

16          This order disposes of Docket No. 92.

17

18          **IT IS SO ORDERED**.

19

20  Dated: March 3, 2025

21

22

23  _____
    EDWARD M. CHEN
    United States District Judge

24

25

26

27

28

4

United States District Court
Northern District of California