UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEVIN FLOYD,<br><br>    Plaintiff,<br><br>    v.<br><br>24 HOUR FITNESS USA, LLC,<br><br>    Defendant. | Case No. 23-cv-00871-EMC<br><br>**ORDER ON DEFENDANT'S SECOND MOTION FOR SUMMARY JUDGMENT**<br><br>Docket No. 127-1 |

## I.  INTRODUCTION

Plaintiff Michael Devin Floyd, proceeding pro se, has filed suit against Defendant 24 Hour Fitness USA, LLC ("24H"). Mr. Floyd alleges that 24H violated his rights by, *inter alia*, having him removed from a gym on two different occasions and then terminating his gym membership. This Court granted 24H's first motion for summary judgment, dismissing Mr. Floyd's claims of negligent infliction of emotional distress (NIED), breach of contract, breach of the implied duty to perform with reasonable care, breach of the implied covenant of good faith and fair dealing, and a violation of California Business and Professions Code § 17200. Dkt. 130. Before the Court is 24H's second motion for summary judgment on Mr. Floyd's remaining claims of defamation and Intentional Infliction of Emotional Distress. *See* Dkt. 127-1. Under Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument. For the reasons below, the Court **GRANTS** 24H's motion.

## II.  BACKGROUND

**A.  Factual Background**

The undisputed facts and any facts subject to dispute but viewed in Mr. Floyd's favor establish the following.

### 1. General Background

On January 5, 2022, Mr. Floyd signed up for a gym membership with 24H and entered into the relevant membership agreement ("Agreement"). Dkt. 96-4, Ex. A – Agreement. The Agreement requires that members "not engage in any conduct in any 24 Hour facility that includes, without limitation, using loud, abusive, offensive, insulting, demeaning language, profanity, lewd conduct or any conduct that harasses or is bothersome to members, guests or employees." *Id.* Ex. B – 24H Membership Policies and Club Rules. Section 6 of the Agreement on Termination for Cause states that 24H may, at its option, terminate an individual's gym membership if the individual fails to follow any of the Club Rules or any part of the Agreement, or the individual's "conduct is improper or harmful to the best interest of 24 Hour or its members." *Id.*

The relevant incidents occurred at the 24H gym located at 2480 Whipple Road in Hayward, California. Dkt. 96-4 at 2 (Martinez Decl. ¶ 2).

### 2. Complaints Against Mr. Floyd and Subsequent Revocation of Membership

24H recorded entries regarding five member complaints about Mr. Floyd's conduct between July 9, 2022 and October 1, 2022. *See* Dkt. 96-4 at 18 (Ex. C – Mr. Floyd's Member Profile showing other members' complaints regarding Mr. Floyd's conduct). In sum, women gym members reported that Mr. Floyd engaged in harassing behavior, including inappropriate touching during workouts. *Id.* (July 9, 2022 and October 1, 2022 incidents). One member, V.H., stated that Mr. Floyd followed her, stood too close, grabbed her arm when she tried to leave, and made her feel unsafe and watched, while her friend H.S. confirmed the incident and described both of them being left in tears. Dkts. 96-5 ¶ 6 and 96-6 ¶¶ 3–6 (July 18, 2022 incident). That day, a 24H employee named Michael Martinez asked Mr. Floyd "to leave and return to speak with [his] General Manager ("GM") Alyese Bryant ("Bryant") the next day." Dkt. 96-4 at 4 (Martinez Decl. ¶ 12). On July 19, 2022, Mr. Floyd "returned to the gym to speak with GM Bryant about these complaints." *Id.* In his deposition, Mr. Floyd confirmed that he "did have an opportunity to speak with managers and provide [his] side of the story." Dkt. 96-3 at 77 (Floyd Dep. 151:2-5).

H.S. later reported that Mr. Floyd yelled at her over dumbbells, intimidated her, and made

her feel so unsafe that she began carrying mace and a taser and avoided walking to her car alone. Dkt. 96-5 ¶¶ 5, 7–8 (September 9, 2022 incident). Subsequently, a member reported that Mr. Floyd followed her to her car on September 30, 2022. Dkt. 96-4 at 20. On October 1, 2022, Mr. Floyd's membership profile reflects that multiple members had reported inappropriate touching and the police removed him for trespass. *Id.* at 20-21.

On October 3, 2022, 24H's general manager Alyese Bryant completed a revocation request form ("Form") detailing the October 1, 2022 incident and the four preceding incidents. Dkt. 96-4 at 24 (Ex. D – "Member Threaten to Revoke or Revoke Request Form"). Regarding the October 1, 2022 incident, the Form states, "Michael Floyd approached a female member and grabbed [her] while she was working out, when the member to[ld] Michael to not touch her[,] he responded "I don't care if you don't like it report it." *Id.*[1]

Thereafter, in October 2022, 24H terminated Mr. Floyd's membership because he had "engaged in inappropriate conduct by acting confrontational and displaying improper [and] harassing behavior towards other members while using the facility." Dkt. 96-4 at 4 (Martinez Decl. ¶ 18); *see* 24H's First Motion for Summary Judgment, Ex. E (Letter from Membership Services).

### 3. October 1, 2022 Interaction with Police and the Statement at Issue

On October 1, 2022, the Hayward Police Department responded to a report from 24H employee Andrew Pratt that Mr. Floyd had inappropriately touched members. Dkt. 127-2 at 12.[2] Specifically, on October 1, 2022, the police "dispatch relayed that the reporting party Andrew Pratt stated that a gym member, later…identified…as Michael Floyd, was sexually harassing women and physically touching them." *Id.* The police responded to Mr. Pratt's report and arrived at the gym. *Id.*

---

[1] *See Fonseca,* 374 F.3d at 846 (holding that evidence is "admissible for summary judgment purposes because [it] could be presented in an admissible form at trial.") (internal citation omitted).

[2] In the context of summary judgment, the Hayward Police Department's case report and supplemental report on Mr. Pratt's witness statement may be considered pursuant to Rule 54(c)(2) because they fall within Federal Rule of Evidence 803(8)'s exception to hearsay for public records, and Mr. Floyd does not show that the source of information indicates a lack of trustworthiness. *See* Fed. R. Evid. 803(8).

Hayward Police Department's supplemental report regarding Mr. Pratt's witness statement recounts that the officer on scene "spoke with a…witness, Andrew Pratt," who told him that Mr. Floyd "would touch females in inappropriate ways and make them feel uncomfortable while working out." *Id.* at 20.

The parties submitted body-camera footage transcripts wherein Mr. Walter Kane, a 24H employee, told Mr. Floyd in front of the police that female members had complained that Mr. Floyd had touched them inappropriately. Dkts. 92-6 at 1-3 (Mr. Floyd's excerpt of the transcript) and 127-2, Ex. D (24H's full transcript). Mr. Kane also asked Mr. Floyd to leave. Dkt. 127-2 at 37. The transcripts reflect that when Mr. Floyd asked Mr. Kane why Mr. Kane was asking him "to leave," Mr. Kane responded: "Because you're here assaulting women…Physically touching them inappropriately." *Id.* at 38. A police officer intervened and stated: "You are assaulting women that are feeling uncomfortable…They don't want you here. They're refusing service to you." *Id.* at 40. Mr. Floyd responded: "It'd be against the law [to] refuse service for no reason," to which Mr. Kane responded that he "got reports from my staff…You come up blatantly admitted to this…that you're going up and grabbing them in the ass and other parts of their body." *Id.* at 41. Mr. Floyd then asked for the identity of the members who complained, to which a police officer responded that they "cannot give names out." *Id.* at 42. When Mr. Floyd refused to leave, Mr. Kane stated: "Now I'm asking you to leave peacefully." *Id.* Mr. Floyd continued to refuse and inquired if "[t]his happened today." *Id.* Mr. Kane responded: "This has happened multiple times. Most recently tonight as of five minutes ago when I was coming in." *Id.* Mr. Floyd responded: "This did not happen today. This did not happen multiple times." *Id.* at 43. Then, Mr. Floyd disputed that he has "grabbed some woman on the ass" and that it has "happened multiple times." *Id.* Mr. Floyd stated that before leaving he was going to "take a shower," which Mr. Kane refused to allow. *Id.* at 44. A police officer intervened and stated: "They want you off right now." *Id.* at 45. Another officer asked Mr. Kane: "Right now you're willing to put him under arrest for trespassing?" *Id.* Mr. Kane confirmed: "Yes. Yes." *Id.* Mr. Floyd continued to refuse and stated: "I need to take a shower. I need to get my stuff." *Id.* Thereafter, the police escorted him off the premises.

### B. Procedural Background

Mr. Floyd filed his first complaint on February 27, 2023. Dkt. 1. On January 14, 2025, the Court granted in part and denied in part 24H's motion to dismiss Mr. Floyd's First Amended Complaint. Dkt. 85. As is relevant here, the Court dismissed Mr. Floyd's claim for Intentional Infliction of Emotional Distress ("IIED") with prejudice because Mr. Floyd "had not sufficiently alleged" that it was "extreme and outrageous" for 24H to eject him from the gym and for the police to remove him from the gym in July and October 2022 when 24H "had received complaints about Mr. Floyd's harassment of other members whose rights and interests could be jeopardized by Mr. Floyd's continued presence." Dkt. 85 at 9. There, the Court also dismissed Mr. Floyd's defamation/slander claim with prejudice because Mr. Floyd failed to allege that Mr. Kane "knew or should have known that the complaints against Mr. Floyd were not substantiated in any way," such that his statements before the police officers on October 1, 2022 were made with knowledge of its falsity or with reckless disregard for the truth. *Id.* at 15.

On March 3, 2025, the Court permitted Mr. Floyd to amend his complaint to reassert these two claims "**solely** on the basis that Mr. Kane lied to the police" and "to assert claims for **defamation/slander** and **IIED** based on the alleged lie to the police." Dkt. 106 at 2 (emphasis in original). The Court permitted amendment because Mr. Floyd submitted an excerpt of the body-camera footage transcript referenced above where Mr. Kane stated that Mr. Floyd "had touched a gym member on" October 1, 2022. *Id.* at 1. Because this conflicted with another 24H employee's deposition testimony that Mr. Floyd had made "sexual comments" that day (and did not mention touching in that testimony), the Court held that "a reasonable inference [could] be made that Mr. Kane lied to the police." *Id.* at 1-2; Pratt Dep. at 11:19-22 (Dkt. 92-3). The Court specified that it was "not making any ruling as to whether or not Mr. Kane did lie." Dkt. 106 at 2.

On April 18, 2025, the Court set the briefing schedule for 24H's second motion for summary judgment on Mr. Floyd's defamation and IIED claims. Dkt. 122.

On May 23, 2025, the Court granted summary judgment for 24H on Mr. Floyd's other five state law claims: negligent infliction of emotional distress (NIED), breach of contract, breach of the implied duty to perform with reasonable care, breach of the implied covenant of good faith and

5

1   fair dealing, and a violation of California Business and Professions Code § 17200.  Dkt. 130.  The
2   Court granted summary judgment on the NIED claim because, in part, "[n]o reasonable jury could
3   find that 24H breached its duty of reasonable care under the circumstances because the undisputed
4   evidence demonstrates that 24H took reasonable steps to respond promptly to the multiple
5   complaints it received from female patrons about Mr. Floyd."  *Id.* at 13.  Summary judgment was
6   granted on Mr. Floyd's breach of contract claim because "no reasonable jury could find that 24H
7   breached the Agreement by asking Mr. Floyd to leave after he engaged in conduct that bothered or
8   harassed other members," as "24H's performance of the Agreement was excused by Mr. Floyd's
9   prior breach" and "Mr. Floyd fails to establish that 24H breached any term of the membership
10  agreement."  *Id.* at 18.  Regarding Plaintiffs' breach, the Court held that "[w]ith regards to the
11  incidents on July 9, 2022 and September 9, 2022, there is no dispute that Mr. Floyd engaged in
12  conduct that harassed…members, in violation of the Agreement" and Mr. Floyd failed to offer
13  evidence disputing that he engaged in such conduct on these dates.  *Id.* at 16 (citation to
14  Agreement omitted).  Accordingly, there is undisputed evidence of touching and harassment.
15  Summary judgment was granted for Mr. Floyd's contract-related claims because "24H did not
16  breach any implied duty of reasonable care under the circumstances" (breach of implied duty of
17  reasonable care), because "24H took reasonable steps to respond to the complaints and provide
18  Mr. Floyd with adequate opportunities to be heard" with no evidence of bad faith (breach of
19  implied covenant of good faith and fair dealing), and because the utility of the 24H's conduct in
20  removing Mr. Floyd after the allegations of harassment outweighed any harm to Mr. Floyd related
21  to due process or not being able to access 24H (violation of § 17200).  *Id.* at 18-22.

22       In the order on the parties' cross-motions for summary judgment, the Court held that 24H's
23  membership profile for Mr. Floyd fell under Federal Rule of Evidence 803(6)'s exception to
24  hearsay for business records.  *Id.* at 2 (holding that 24H had properly authenticated Mr. Floyd's
25  membership record as a business record because 24H testified that membership profiles are
26  records kept in the regular course of 24H's business and made contemporaneously or close to
27  contemporaneously with reported statements and that these records, in the context of summary
28  judgment, may be considered pursuant to Rule 54(c)(2)").

6

Before the Court is 24H's second motion for summary judgment on Mr. Floyd's defamation and IIED claims.[3] Dkt. 127.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) allows a party to move for summary judgment on all or part of a claim. The Court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating the absence of a genuine dispute of material fact. The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049-50 (9th Cir. 2014). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id.*

When the defendant moves for summary judgment on a claim for which the plaintiff bears the ultimate burden of proof, the defendant may prevail by showing the plaintiff's failure "to make a showing sufficient to establish the existence of an element essential to [the plaintiff's] case." *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). Conversely, when a plaintiff moves for summary judgment on its own claim, it "must offer evidence sufficient to support a finding upon every element of [its] claim . . ., except those elements admitted . . . by the adversary." *Watts v. United States*, 703 F.2d 346, 347 (9th Cir. 1983). Finally, parties may object "that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Evidence may be presented in a form that is not admissible at trial so long as it could ultimately be capable of being put in admissible form. See Fed. R. Civ. P. 56(c)(2) ("A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence"); *Fonseca v. Sysco Food Servs. of Ariz.,*

---

[3] The Court grants 24H's request for judicial notice, including the Hayward Police Department's case report from October 4, 2022 regarding the incident at issue and the written transcript of the body-camera footage from October 1, 2022. *See* Dkt. 127-2; *see* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

7

*Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) ("Even the declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in an admissible form at trial.'") (quotation omitted).

## IV.     DISCUSSION

### A.     Defamation (Count 6)

Summary judgment is **GRANTED** for 24H on Mr. Floyd's defamation claim because Mr. Kane's statement to the police is privileged under California Civil Code § 47(b) and the exception to the privilege set forth in § 47(b)(5) does not apply because the evidence does not show malicious prosecution. That is, the evidence does not show that Mr. Kane intentionally lied to the police officers or that his statement that Mr. Floyd had inappropriately touched a member that day was made with reckless disregard of the truth.

Defamation concerns a person's reputational interest. *Smith v. Maldonado*, 72 Cal. App. 4th 637, 645 (1999), as modified (June 23, 1999). The elements of defamation are (1) intentional publication of (2) a statement of fact that is (3) false, (4) unprivileged, and (5) has a natural tendency to injure or which causes special damage. *Id.* Mr. Kane's statement can well be defamatory given the accusation of despicable conduct. The question here concerns whether that statement is privileged.

California Civil Code § 47(b) provides that "[a] privileged publication or broadcast is one made ... [i]n any (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law." Cal. Civ. Code § 47(b). That covers the instant situation. However, under § 47(b)(5), the privilege does not apply to:

> [A]ny communication between a person and a law enforcement agency in which the person makes a false report that another person has committed, or is in the act of committing, a criminal act or is engaged in an activity requiring law enforcement intervention, **knowing that the report is false, or with reckless disregard for the truth or falsity of the report**.

*Id.* (emphasis added). In other words, privilege under § 47(b) does not extend to statements made with knowledge of the statement's falsity or those made with reckless disregard for its truth.

"[S]tatements made when a citizen contacts law enforcement personnel to report suspected

8

1  criminal activity on the part of another person…are privileged pursuant to Civil Code section 47,
2  subdivision (b)." *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350, 355 (2004). Specifically,
3  "under section 47(b)," "statement[s] urging law enforcement personnel to investigate another
4  person's suspected violation of criminal law, to apprehend a suspected lawbreaker, or to report a
5  crime to prosecutorial authorities [are] shielded from tort liability." *Id.* at 364. As detailed under
6  § 47(b)(5), such statements "can be the basis for tort liability **only if** the plaintiff can establish the
7  elements of the tort of malicious prosecution." *Id.* (emphasis added).

8   Mr. Kane's statement to the police is privileged under § 47(b)(2) because it was made "to
9  report suspected criminal activity on the part of" Mr. Floyd. *Id.* at 355. In particular, the
10 "transcript of [a] video taken by a police officer's body camera during the October 2022
11 incident…reflects that…Mr. Kane…t[old] the police that Plaintiff had touched a gym member on
12 that date." *Floyd v. 24 Hour Fitness USA, LLC*, No. 23-CV-00871-EMC, 2025 WL 673639, at *1
13 (N.D. Cal. Mar. 3, 2025). Mr. Floyd concedes that Mr. Kane made this statement to the police to
14 report his suspected criminal activity. *See* SAC at 10 (24H "manager Walter Kane informed
15 police and the Plaintiff that the woman complained about the Plaintiff touching her buttocks.").
16 Mr. Floyd opposes the requisite mental state and argues that Mr. Kane made the statement with
17 "malicious intent." Opp'n at 3.

18  The malice exception under § 47(b)(5) does not apply because no reasonable jury could
19 find that in stating to or in the presence of the police that Mr. Floyd inappropriately touched
20 members either previously or on that day, Mr. Kane intentionally lied or acted with reckless
21 disregard for the truth for at least two reasons. *See* Opp'n at 4[4] ("No one reported unwanted
22 touching yet [Mr. Kane] made this false accusation in front of police.").

23  First, 24H received at least two member complaints that Mr. Floyd had inappropriately
24 touched members. On July 9, 2022, a member complained that Mr. Floyd had touched her
25 "touched her mid workout." *See* Dkt. 96-4 at 18 (Ex. C – Mr. Floyd's Member Profile showing
26 other members' complaints regarding Mr. Floyd's conduct ("Profile")) (When she told him,

---

[4] Mr. Floyd then states that "[a]ll evidence provided to this Court shows malicious intent when Kane lied to the police." Opp'n at 4.

9

"please don't touch me," he responded, "when was the last time a man touched you like that."). Further, according to the Profile, on October 1, 2022, "police escorted [Mr. Floyd] out of the gym for trespassing after reports of inappropriate touching from multiple female[s]." *Id.* at 21. Regarding the October 1, 2022 incident, 24H's revocation request form from October 3, 2022 specifically reflects that Mr. Floyd inappropriately touched a woman member that day. The general manager Alyese Bryant reported that, on October 1, 2022, "Michael Floyd approached a female member and grabbed [her] while she was working out, when the member to[ld] Michael to not touch her[,] he responded "I don't care if you don't like it report it." *Id.* at 24 (Ex. D – "Member Threaten to Revoke or Revoke Request Form"). Thus, there is undisputed evidence that multiple members had reported that Mr. Floyd had touched them.

Second, to the extent Mr. Floyd contends Mr. Kane lied to the police when he said Mr. Floyd had touched a member the day of the arrest on October 1, the Court previously allowed Mr. Floyd to reassert this defamation claim based solely on the alleged discrepancy between Mr. Kane's statement and Mr. Pratt's deposition testimony which permitted an inference that Mr. Kane lied to the police.[5] Dkt. 106 at 2. The record now shows that no such discrepancy exists because the police report and report on Mr. Pratt's witness statement reflect that Mr. Pratt also reported that Mr. Floyd had inappropriately touched women members. In particular, the Hayward Police Department's case report on the incident (drafted on October 1, 2022 and reviewed on October 4, 2022) specifically states that Mr. Pratt reported that Mr. Floyd *had* touched members. It states that the October 1, 2022 police "dispatch relayed that the reporting party Andrew Pratt stated that a gym member, later…identified…as Michael Floyd, was sexually harassing women and *physically touching* them." Dkt. 127-2 at 12 (emphasis added). Further, the Hayward Police Department's supplemental report regarding Mr. Pratt's witness statement recounts that the officer on scene "spoke with a…witness, Andrew Pratt," who told him that Mr. Floyd "would touch females in inappropriate ways and make them feel uncomfortable while working out." *Id.* at 20. *See Sidibe*

---

[5] While the Court abstained from "making any ruling as to whether or not Mr. Kane did lie," the Court held that "a reasonable inference [could] be made that Mr. Kane lied to the police" because Mr. Pratt had testified that Mr. Floyd had made "sexual comments" that day (and did not mention touching in that testimony). *Id.* at 1-2; Pratt Dep. at 11:19-22 (Dkt. 92-3).

10

*v. Sutter Health*, 103 F.4th 675, 701 (9th Cir. 2024) ("Contemporaneous evidence, particularly written evidence, is commonly understood to be more reliable than later recollections because it reduces the risks of defective recollection or conscious fabrication — hence why the hearsay rules make an exception for present-sense impressions. Accordingly, courts have often emphasized the importance of contemporaneous evidence that…contradicts later evidence.") (internal citation omitted). Further, as noted above, 24H's October 3, 2022 revocation request form reports that Mr. Floyd inappropriately touched a woman member on October 1, 2022. Dkt. 96-4 at 24 (Ex. D – "Member Threaten to Revoke or Revoke Request Form"). Mr. Pratt's subsequent deposition on October 22, 2024 two years after the incident -- and the omission of any testimony therein about touching -- does not squarely contradict that record. Mr. Pratt was not asked whether Mr. Floyd touched a member that day, nor did he so testify.

Because there is no discrepancy between what Mr. Pratt and Mr. Kane reported, there is no longer a factual basis for a jury to find that Mr. Kane deliberately lied to the police. In other words, the factual predicate upon which this Court previously found an inference of untruth by Mr. Kane no longer exists.

Therefore, summary judgment is **GRANTED** for 24H on Mr. Floyd's defamation claim because Mr. Kane's statement is privileged under § 47(b)(2) and the exception in § 47(b)(5) for malicious prosecution does not apply.

### B.     Intentional Infliction of Emotional Distress (Count 7)

Summary judgment is **GRANTED** for 24H on Mr. Floyd's claim of Intentional Infliction of Emotional Distress because there is no evidence that Mr. Kane's statement to the police or his removal from the gym that day was extreme and outrageous. "The elements of the tort of intentional infliction of emotional distress ["IIED"] are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.... Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Christensen v. Superior Ct.*, 54 Cal. 3d 868, 903 (1991) (internal

1   quotations and citations omitted).

2   Behavior may be considered outrageous if a defendant (1) abuses a relation or position
3   which gives him power to damage the plaintiff's interest; (2) knows the plaintiff is susceptible to
4   injuries through mental distress; or (3) acts intentionally or unreasonably with the recognition that
5   the acts are likely to result in illness through mental distress. Prosser, Law of Torts, supra, at pp.
6   57-58; Rest.2d Torts, s 46 (e), (f). "[M]ere profanity, obscenity, or abuse, without circumstances
7   of aggravation" does not constitute outrageous conduct. *Yurick v. Superior Court*, 209 Cal. App.
8   3d 1116, 1128 (1989).

9   Under the circumstances, no reasonable jury could find that reporting sexual misconduct to
10  the police, when corroborated by a history of repeated member complaints, some of which were
11  not disputed by Mr. Floyd, constitutes extreme and outrageous conduct. As the Court stated in its
12  order granting 24H's first motion for summary judgment, as to Mr. Floyd's negligent infliction of
13  emotional distress claim, "the undisputed evidence demonstrates that 24H took reasonable steps to
14  respond promptly to the multiple complaints it received from female patrons about Mr. Floyd."
15  Dkt. 130 at 14 (holding that 24H did not breach its limited duty of reasonable care when it
16  removed Mr. Floyd from the gym without an extensive pre-removal investigation of the
17  complaints). *Cf. Hughes v. Pair,* 46 Cal. 4th 1035, 104 (2009) (affirming Court of Appeals
18  holding that defendant's statements 'I'll get you on your knees eventually. I'm going to fuck you
19  one way or another.' made to plaintiff in front of her son **[fell] far short** of conduct that is so
20  outrageous that it exceeds all bounds of that usually tolerated in a civilized community") (internal
21  citation omitted) (emphasis added). No reasonable jury could find that Mr. Kane's statement
22  before the police that Mr. Floyd had inappropriately touched women gym members rises to the
23  level of extreme and outrageous conduct. This is especially so in light of 24H's interest in
24  protecting the rights of other members as this Court noted previously. No reasonable jury could
25  find 24H's actions were "so extreme as to exceed all bounds of that usually tolerated in a civilized
26  community." *Christensen*, 54 Cal. 3d at 903. Mr. Floyd presents no caselaw to the contrary.

27  In support of his claim, Mr. Floyd only conclusory states: "The preceding sections of this
28  document, the moving papers of both parties' summary judgment motions, and the operative

Complaint provide enough detail on the Defendant's extreme and outrageous conduct, the reckless disregard that caused emotional distress, and Floyd's injuries from emotional distress." Opp'n at 6. However, to survive summary judgment, Mr. Floyd must offer specific evidence that Mr. Kane's statement to the police was extreme and outrageous. Fed. R. Civ. P. 56(a). Mr. Floyd offers no evidence supporting such a finding.

Thus, summary judgment is **GRANTED** for 24H on Mr. Floyd's IIED claim.

## V. CONCLUSION

For the reasons above, summary judgment is **GRANTED** for 24H on Mr. Floyd's remaining claims of Intentional Infliction of Emotional Distress and Defamation/Slander.

Accordingly, this case is terminated. The Clerk shall close the case.

**IT IS SO ORDERED**.

Dated: July 10, 2025

_____
EDWARD M. CHEN
United States District Judge